## AIKEN vs. GILL.

Where upon a sale of real estate the purchaser gives a note for the purchase money, and the vendor executes a covenant to convey the legal title on payment thereof, and afterwards assigns the note, he is a necessary party to a bill by the assignee to enforce the vendor's lien.

### Appeal from Pulaski Chancery Court.

Hon. H. F. FAIRCHILD, Chancellor.

GARLAND & RANDOLPH, for the appellant.

Mrs. Beebe should have been made a party to the suit. She had an interest in the suit, and in the decree to be rendered in it. And the general rule is that persons materially interested, either legally or beneficially, in the subject matter of the suit, are to be made parties, either as plaintiffs or defendants. *Story Eq. Pl. sec.* 72; 73, 74, 138; *Brodie vs. Skelton,* 6 *Eng.* 120; *Bailey vs. Inglee,* 3 *Paige Ch. R.* 278.

JORDAN for appellee.

Mr. Justice COMPTON delivered the opinion of the Court.

The bill was brought by William Gill against Christopher C. and Thomas Aiken, to enforce the vendor's lien for the purchase money of two lots of land, lying in the city of Little Rock, and charges that Mrs. Beebe sold the lots to Thomas Aiken for $300 he making his note to her in that sum, and she executing to him her covenant to make title upon payment of the purchase money; that, afterwards, Thomas Aiken conveyed the lots, by deed in fee simple, to Christopher C. Aiken, and that Mrs. Beebe assigned the note of Thomas Aiken to Francis Drew, who assigned it to the complainant.

A demurrer to the bill was overruled, and on appeal from the decision of the court below, the only question raised on demurrer, necessary to be noticed, is, whether the bill is defective in not making Mrs. Beebe a party to the suit.

It is a general rule in equity (subject to certain exceptions, which do not arise in this case) that all persons materially interested, either legally or beneficially, in the subject matter of a suit, must be made parties to it, either as plaintiffs or defendants. The object of the rule is to enable the court to do complete justice by rendering such decree as shall settle the rights of all persons interested in the subject matter of the controversy, thereby preventing future litigation, and making the performance of the decree perfectly safe to those who are compelled to obey it. *Story Eq. Pl. sec.* 22. An application of this rule leads to the conclusion that Mrs. Beebe was a necessary party. The legal title is in her, which should not, and all know, cannot be divested, without having her before the court. Furthermore, the purchaser is interested in having her made a party, in order that, upon payment of the note, if payment should be decreed, the court may be enabled to vest in him the legal title. According to Mrs. Beebe's covenant, she was to make title upon payment of the purchase money. A decree, therefore, which would exact the purchase money without vesting the purchaser with title, so far from settling the rights of the parties, would leave the purchaser exposed to future litigation.

The performance of such a decree, instead of being perfectly safe, would be hazardous, and to require the purchaser to perform it would be unjust. *Edwards vs. Bohannon,* 2 *Dana* (*Ky. Rep.*) 98, 99, is a case in point; it is there held that to a bill brought to enforce the vendor's lien for the purchase money, the holder of the legal title is a necessary party; and the reason assigned is, that " a sale should not be decreed unless the chancellor, by having the holder of the legal title before him, can be able to confer on the purchaser a perfect right." The same principle was decided in *Johnson vs. Rankin,* 2 *Bibb,* 184. And Mr. Justice STORY, in his work on equity pleading, lays it down as a general rule, that the person having the legal title in the subject matter of the bill must be a party, and this, even though " he has no beneficial interest therein; so that the legal right may be bound by the decree of the court." *Eq. Pl. sec.* 198.

Let the decree be reversed, and the cause remanded with leave to make Mrs. Beebe a party.

Mr. Justice FAIRCHILD did not sit in this case.