Opinion of the Court.
THIS was a bill filed by Nash, in which he alleges that Slaughter bound himself to convey to him certain lot or parcel of ground adjoining the town of Bowling, green, for which he agreed to do for Slaughter $400 worth of brick work; the conveyance to be made as soon as Slaughter obtained a conveyance from Moore, or the work should be done; and he avers that he has performed the work. He alleges that the title is in Moore, and that Slaughter had purchased from him, and paid nearly the whole of the price ; but refuses to convey, under pretence that the trustees of the town, by an extension of its boundaries, had taken part of the ground for a street. He makes both Slaughter and Moore defendants, and prays for a conveyance of Such part of the ground as Slaughter is able to convey, and a compensation for the residue, and for general relief.
Slaughter, in his answer, admits the contract with Nash, as stated in the bill, and that Nash had performed the brick-work, but not until the time the trustees of the town had condemned a part of the ground sold by him to Nash, for a street, when it was agreed between him and Nash, that he should pay to Nash such compensation for the ground taken for the street, as Moore should pay him. He alleges that he had purchased the ground from Moore, and paid all but twenty dollars of the price; and he makes his answer a cross bill against Moore, and prays for relief over against him.
Moore, in his answer, admits the purchase by Slaughter from him, and that he had received all but twenty dollars of the price ; but he contradicts the right of the trustees of the town to take any part of the ground for a street, and professes his willingness to make a title. Moore afterwards died, and an order was made reviving the suit against his representatives, at the instance of Slaughter; but the order of revival *324 was not served ; and in this state of the case, the cause was heard, and Slaughter was decreed to pay Nash four hundred dollars, with costs; to which decree Slaughter prosecutes this writ of error.
1. We are of opinion, that the cause was improperly heard, without having the representatives of Moore before the court. As it appears from the face of the bill that the title was in Moore, he was a necessary party, for the purpose of obtaining a specific execution of the contract. Without making him a party, it would have been apparent, that the complainant could only have obtained a compensation for a breach of the contract; and as a court of law is competent to afford an adequate remedy of that sort, a court of equity would have had, for that purpose only, no jurisdiction of the case. By not reviving the suit against Moore’s representatives, the complainant would not be entitled to the particular relief he has prayed; and as it is forth sake of giving that relief alone, that a court of equity would assume jurisdiction of the case, he ought not, by abandoning the suit against them, to be permitted to resort to his general prayer for relief, and under that to obtain a compensation in damages, which, were it the sole object of the bill, a court of equity would be incompetent to grant.
Moore’s representatives ought, therefore, to have been before the court, and it was erroneous to hear and decide the cause without them.
Decree reversed.