ELISHA MORROW, Respondent.

*vs.*

AMOS A. LAWRENCE, and LAWRENCE UNIVERSITY,
Appellants.

### APPEAL FROM OUTAGAMIE CIRCUIT COURT.

On Demurrer the general and usual objection that a complaint does not state
facts sufficient to constitute a cause of action, is permissible only when the
complaint is bad in substance.

As to what ' is a good complaint under the code, for specific performance of a
contract to convey real estate, see complaint in case.

Where a corporation has entered into a contract for the conveyance of real es-
tate ; and the legal title is in a trustee for the corporation, such trustee is a
necessary party with the corporation in an action for specific performance.

Action to compel the specific performance of a contract for
the conveyance of real estate.   The complaint was in sub-
stance, after alleging the legal corporate existence of Lawrence
University, " shows that the defendant Amos A. Lawrence,
who resides in the city of Boston, in the State of Massachu-
setts, is seized in fee simple, but in trust for the said Law-
rence University of Wisconsin, of the said premises herein-
after described.   And the plaintiff further shows that, by the
act of incorporation and the act amendatory thereto, herein-
before referred to, all the business of said corporation, which
they might lawfully transact by virtue of such incorporation,
was entrusted to a Board of Trustees, and to an executive
committee of such Board ; and that said corporation was em-
powered, in such acts, to acquire, hold and convey property,
real and personal.   And the plaintiff further shows, that he
is informed and believes, that in the month of January, A. D.
1853, the Board of Trustees of said University, by a resolu-

tion thereof, duly passed and recorded, made, constituted, and appointed, one Henry L. Blood, the agent of said University for that purpose, and authorized him to bargain and sell the premises hereinafter described, among others, to such persons and for such price, as to him should seem meet. And the plaintiff further shows that thereafter, "to wit," on the 4th day of July, A. D. 1853, the said Blood, by virtue and in pursuance of the authority so in him vested, sold the said premises to one Robert Morrow, in consideration of the sum of one hundred dollars to him then paid by said Morrow: and did, on that day, execute and deliver to said Morrow, an instrument in writing of the tenor and effect following, that is to say:

" This memorandum of agreement, entered into this tenth day of July, A. D. 1853, between Henry L. Blood, for and in behalf of the Lawrence University, as party of the first part, and Robert Morrow party of the second part, both of Appleton, Outagamie county, Wisconsin: witnesseth, that for and in consideration of the sum of one hundred dollars, paid by the said party of the second part to the said party of the first part, the receipt of which is hereby acknowledged, the said party of the first part, for and in behalf of the said Lawrence University, is hereby bound and obligated to execute, or to have executed, as soon as the same can be conveniently done, a good and sufficient deed of conveyance, in fee simple, to the said party of the second part, or his assigns, for a certain lot lying on College Avenue, (north side,) adjoining on the west a certain other lot sold to John Stephens, and being the third lot from the " Edgarton House" in the town of Appleton; said lot of land being about 74 or 75 feet front on said College Avenue. In witness whereof, I have hereunto set my hand and seal the day and year above written.

Signed, HENRY L. BLOOD, ROBERT MORROW." [SEAL.]

And the plaintiff further shows that, on the 22d day of June, A. D. 1854, the said Robert Morrow, for and in consideration of the sum of five hundred dollars to him in hand paid, did assign, transfer, and set over to Elisha Morrow, or his assigns, the said contract with all its rights and privileges, authorizing said Elisha the plaintiff, or his assigns, to demand and receive thereon a deed of conveyance for the said lot, in all respects as fully as the said Robert might or could do.

And the plaintiff further avers that he has since been, or is now, the owner of said contract; that he has repeatedly demanded of said defendant, the Lawrence University, a deed of conveyance of said premises to him, said plaintiff, which they have hitherto and still do neglect and refuse to give. Wherefore the said plaintiff prays that the said defendant, Amos A. Lawrence, be adjudged and directed, by the Judgment of this court, to execute and deliver to said plaintiff, a good and sufficient deed of conveyance of the premises above described, discharged from all trusts or claims of the said Lawrence University of Wisconsin therein, with the costs of this action, and for such other or further relief as shall seem just.

The defendants demurred to the complaint, assigning causes:

1. That it does not state facts sufficient to constitute a cause of action.

2. On account of defect of parties defendants appearing on the face of the said complaint.

The demurrer was overruled, and the defendants allowed to answer in thirty days, upon first paying costs of said demurrer, to be taxed, and ten dollars in addition. From this order the defendants appealed.

*Smith & Ballard,* for Appellants.

1. It is claimed that the demurrer is good in form.  1

Seld., 357 ; *Hairs vs. Baker,* 12 Barb., 433, and 16 Barb., 65 ; § 45, 49 and 50 of the Code.

The grounds of demurrer to a complaint must be *apparent on its face,* which are six in number, and must be *distinctly specified.* § 49 and 50.

As nothing can be demurred to except matter which is *apparent,* there certainly, as a matter of pleading, appears to be no necessity of a *more* particular specification *of what is apparent,* than to point out which of the grounds enumerated in the 49th section are relied on. If the defect is apparent from the complaint, that there is a defect of parties defendant, certainly, as a matter of pleading, *all* that should be required of the defendant, is to raise that *legal point of objection* by demurrer, all further specifications would be nothing but argument, inference, and legal conclusions to fortify and sustain the *point* of demurrer.

And so on the other ground of demurrer. If it appear on the face of the complaint that *sufficient facts* are not stated to constitute a cause of action, no more should be required of the pleader than to raise that *point* of objection. All beyond is but the brief and arguments to prove the position taken. And such is believed to be the true and fair construction of section 50. If a complaint is defective in parties, or for not stating such facts as constitute an action, and such defect is, apparent or plain on the face of it, it would be a violation of all rules of pleading to encumber the records any further than to point out one of the *six* grounds specified in section 49, except where two *causes* are included under one head, and then to specify which is the one *apparent* defect relied upon.

2. As to the substance of the demurrer. Does the complaint state facts sufficient to constitute a cause of action ? 1st. It is insisted that the complaint shows that there is a plain, adequate, and complete remedy for damages, or as we would say before the code, a complete remedy at law. The

demand for judgment is for specific performance by conveyance, when it should be for damages for breach of contract. The complaint shows a simple contract for the sale of land and payment of the purchase money. It does not show possession under it, any improvement made, or that the lands have a peculiar or special value, or any reasons why full redress cannot be obtained in damages. 2d, The complaint does not set out any contract made by these defendants, or either of them. The contract set up is Blood's contract. It is executed by him, and the signature and seal are his, and there is not even an averment that the defendants, or either of them, ever had knowledge of it, or recognized it, received the consideration, or assented to it in any manner whatever. 5 East., 148, *Appleton vs. Brinks* ; 4 Mass., 595, *Tippets vs. Walker* ; 6 Cowen, 453, *Stone vs. Wood.* The contract being, by law, Blood's contract, no equitable circumstances are pretended why its legal nature should be changed, and the defendants held responsible. It is clearly the individual contract of Blood. 6 John., 94, *Bogart vs. DeBussy* ; 2 Wheaton, 56, *Duvall vs. Craig.* It is insisted that no valid authority is shown in Blood to make the contract. The allegation is, that the trustees and executive committee possessed the powers of the corporation—not one, or either, but both, and it is insisted that neither alone could exercise the important power of disposing of the lands and property of the corporation, without the consent of the others.

Again. No equitable circumstances are shown in the complaint to give the contract set forth any *equitable* effect beyond its *legal* operation. The authority of Blood to sell real estate should have been under the seal of the corporation ; if otherwise, circumstances like those which induces the court to enforce such contracts, when by *parol* should be alleged.

3. It is claimed that it is apparent on the face that here is an improper joinder of parties defendant. 1st, because the

defendant Lawrence has no interest in the subject matter of the action; 2d, the complaint shows that he is a mere nominal or naked trustee, which is one executed by our statute to the *use* and the legal and equitable estate united and vested in the university, and that Lawrence has no interest whatever. R. S., ch. 57. This statute is but a transcript of a statute which has existed for ages. The complaint certainly does not show an express trust authorized by the 11th section, and all others are abolished.

*James H. Howe,* for the respondents.

1. The appellants cannot have any relief under the demurrer, because:

It is not a sufficient demurrer under the code to set forth the causes of demurrer in the language of the code. The demurrer must distinctly specify the grounds of objection to the complaint, so as to enable the plaintiff to amend if he desires. *Hinds vs. Trindle,* 7 How. P. R., 278 ; *Purby vs. Carpenter,* 6 id., 366 ; *De Witt vs. Waldron,* 3 id., 280 ; *Glenny vs. Hitchins,* 4 id., 98 ; Code of Proceedure, § 50, § 49.

However this may be as to the first ground of demurrer, it is clearly so as to the second. *Purdy vs. Carpenter,* 6 How., 362 ; Van Sandvordt pleadings, 714 ; *De Witt vs. Swift,* 3 How. P. R., 281 ; It is the general practice in New York, to specify the parties improperly joined or omitted. 5 How., 99 ; 1 Abbot, 82 ; id. 44 ; 8 How., 392.

This is a joint demurrer if the complaint states a good cause of action against *one defendant,* the demurrer must be overruled. *Phillips vs. Hagedon,* 12 How. P. R., 17 : *Eldridge vs. Bell,* 12 id., 547 ; 2 Edw. Ch., 210 ; *Pinkney vs. Mullan,* 1 Abbott, 82.

2. The Board of Trustees have power to sell and convey real estate by the terms of their charter. They have power to appoint an agent to sell, and to make contracts—and that by

a resolution of their Board, entered or recorded in their minutes. Angell & Ames on Corporations, p. 312, and cases there cited; *Stoddart vs. Port Tobacco Parish,* 2 Gill. & Johns., 217; *Bank of Columbia vs. Patterson,* 7 Cranch, 805, 806; *Rex vs. Brigg,* 3 Pere Williams, 419; *Fleckner vs. Bank U. S.,* 8 Wheat, 357.

3. The demurrer does not point out in what the complaint is defective; it was contended in the court below, that the contract did not bind the *University* because it was signed by the agent, in his individual capacity. The question is not whether the agent is not personally liable, nor whether an action of covenant could be maintained against the University upon this contract. A contract made by an agent, duly authorized, will be enforced in equity against the principal, when it is apparent from the instrument itself that the agent acted merely on behalf of the principal, if the contract is founded upon a valuable consideration. 10 Wend., 277; *Bowen vs. Norris,* 2 Taunt., 374; *Conro vs. Port Henry Iron Co.,* 12 Barb., 627; Angell & Ames, on Corp., § 296; *Townshend vs. Hubbard,* 4 Hill, 357–366; 1 Douglass, 106.

The doctrine that the name of the principal must be signed to the instrument, and not the name of the agent, applies *only* to deeds; or to instruments, to the validity of which a *seal* is absolutely necessary. Story on Agency, § 154; *New Eng. Ins. Co. vs. DeWolf,* 8 Pick, 56.

A power to sell must, by reasonable construction, be held to include the power to sign such an agreement to sell as will take the case out of the operation of the statute of frauds. *Augusta Bank vs. Hamblet,* 35 Main Rep., 491, 495; *Stoddart vs. Port Tobacco Parish,* 2 Gill & Johns., 227.

*By the Court,* WHITON, C. J. The appeal in this case brings up for consideration, the correctness of the decision of

the circuit court overruling the demurrer, interposed by the appellants. The appellants demurred to the complaint, 1st. Because it did not state facts sufficient to constitute a cause of action, and 2d, On account of defect of parties' defendant appearing upon the face of the complaint.

The first ground of demurrer is not well taken. The com plaint is certainly good in substance, and if any technical objections exist to it, they ought to be distinctly stated, as required by section 50 of the code. The general and usual objection that a complaint does not state facts sufficient to constitute a cause of action, is only permissible when the complaint is bad in substance. The cause of action set forth in the complaint would, under the old practice, be a bill for specific performance of a contract for the conveyance of real estate. The complaint sets up a contract of this nature, which is in writing, certain and fair in all its parts, and for an adequate consideration, and we see no objection why such contract should not be specifically performed.

Neither do we think there is an improper joinder of parties. It appears, the Lawrence University, by its agent, entered into this contract for the conveyance of certain real estate. The legal title to the property is in Amos A. Lawrence, as trustee of the university. Lawrence holding the title, and the conveyance coming from him, he was not only a proper but a necessary party to the suit. How otherwise than from him could the respondent obtain the title to the land and obtain the object for which he has come into a court of justice?

The order of the circuit court overruling the demurrer is affirmed.