HENRY M. KNIGHTON, Plaintiff in Error, *v.* THOMAS H. SMITH, Defendant in Error.

*Error to Columbia.*

1. The express provisions of the statutes, affecting the authentication of deeds, must be *strictly* complied with.
2. Where premises are to be conveyed free from incumbrances, it is incumbent on the grantor to record releases of any mortgage, or other lien of record.

THIS was an action for damages, for the non-performance of a contract, by which Knighton agreed to purchase of Smith and wife a tract of land situate in Columbia County. It appears from the record, that the contract sued on was, in substance, as follows : Knighton agreed to purchase a tract of land of Smith and wife, containing about four hundred and ninety acres, provided he (Knighton) could acquire the right of turning the creek on said tract of land to St. Helens, in said county, without Squire Bennett, or Francis Perry, having a legal claim on him for damages for diverting said stream from its natural channel. Smith and wife were to execute a conveyance to, and deliver possession of said premises, free from incumbrance, on the 1st of June, 1858. Knighton was to pay for the land the sum of six thousand dollars, in drafts on San Francisco. On the 1st of June, 1858, (the time mentioned in the agreement,) Smith presented to Knighton a deed to the premises, executed by himself and wife, and properly acknowledged before a notary public, in the State of California.

On presentation of the deed and release, Knighton did not object to their sufficiency, and said they were all right ; but said he would not accept the conveyance, and pay for the land, according to the agreement, because no release was or could be obtained from Bennett and Perry, allowing him to turn the water of said creek. Plaintiff insisted that, by said

agreement, it was not incumbent on him (plaintiff) to obtain such a release from Bennett and Perry, and brought suit for the breach of said agreement.

On the trial of the cause in the court below, the defendant's counsel requested the court to charge the jury, " that it was the duty of the plaintiff to put on record a valid release or discharge of said mortgage," before he tendered a deed; " and that a release made in California, with an uncertified acknowledgment, was not valid to discharge said mortgage." And also, " that if defendant would be required to do any thing more than put his own deed from plaintiff on record, in order to acquire such a title as is mentioned in the contract, plaintiff could not maintain his action." The court refused to give these instructions, but instructed the jury as follows : that if the jury believed from the evidence that the deed, and release of mortgage given in California, were tendered by plaintiff to defendant, at the proper time, and that defendant knew their contents, and refused to comply with the contract on his part, for the reason that he could not get the consent of Perry and Bennett to turn the water, and not for the want of an informality, or want of record, which could be supplied, then the defendant could not now object to such informality or want of record.

The court also instructed the jury, that the contract did not require the plaintiff to extinguish the right of Perry and Bennett. The court gave some other general instructions, to the effect, that if the plaintiff had complied with the contract, and defendant had broken it, plaintiff could recover.

*A. Holbrook,* for plaintiff in error.

*W. W. Page,* for defendant in error.

BOISE, J.   As to the first ground of error alleged—that the certificate of acknowledgment to the release was insufficient. We are satisfied that all acknowledgments, taken without this State, unless before a commissioner, appointed by the gov-

ernor of this State for that purpose, must be supported by a certificate of a clerk, or other certifying officer of a court of record, as provided in section 12, page 520, of the statutes of this State; for, when the statutes make an express provision affecting the authentication of deeds, it must be strictly complied with.

The court is also satisfied that it was incumbent on Smith to record the release of the mortgage, before he could make a valid tender of the deed, which would bind Knighton; for, though the release might be sufficient to extinguish the mortgage, as between Knighton and the mortgagee, still, the record showed a subsisting incumbrance, and a cloud upon the title to be conveyed by the deed, which the imperfect release could not remove, without some further trouble and expense to perfect the same, and make it available. This trouble and expense Knighton was not bound to incur; for, by the agreement, he was to have the premises free from incumbrance.

This seems to have been the view taken by the court below, for as much is intimated in the instructions there given. It appears by the record, in this case, that on the 1st of June, 1858, when Smith presented the deed and this release of the mortgage, Knighton expressed himself satisfied with the release, by saying it was all right. He did not then object on this account, but based his refusal to comply with the contract on another ground, to wit, that Smith had not procured a release from Bennett and Perry, permitting him to turn the water; and alleging that he (Knighton) could not get such a permit from them; and having then declared, that he would not then complete the contract for that reason. Smith had a right to consider the contract as abandoned by Knighton, on the ground which he then assigned, and it was not necessary for Smith to take any further step to fix the liability of Knighton; for, by his own declaration, Knighton waived all other objections except the one relating to the right of Bennett and Perry to the water.

The only remaining question is, did the court err in charg-

ing the jury that it was incumbent on Smith to obtain a relinquishment of Bennett and Perry to the water. This is purely a question of construction of a written instrument; and we think that no fair construction of the language of the contract would make it incumbent on Smith to procure a permit from Bennett and Perry to Knighton to turn the water; so that in case Smith failed, he would be liable to an action for such failure.

Taking the contract in its stringent sense against Smith, it can only be construed to mean, that Smith could have no right of action while the right of Bennett and Perry to command the water remained unextinguished; and the issue in the case presented that question to the jury, where, we think, it was properly left by the court.

Judgment is affirmed.