ARKADELPHIA LUMBER COMPANY *v.* MANN.

Opinion delivered April 16, 1906.

1. SPECIFIC PERFORMANCE—PARTIES.—All of the owners of the land involved in a suit for specific performance are necessary parties, and relief will not be granted against one of the owners only, though he is agent and attorney in fact for the others. (Page 419.)

2. NEW PARTIES—NECESSITY.—Where, for replevin for lumber cut from certain land, defendant, instead of relying as a defense upon his equitable ownership of the land with right to cut timber, asked relief by way of specific performance against third parties, it was incumbent on him to bring in the necessary parties affected by the relief sought. (Page 419.)

3. LACK OF PARTIES—FAILURE TO RAISE OBJECTION.—In a suit to enforce specific performance of a contract to convey land where some of the owners are not made parties the court must deny relief, whether objection for want of parties is raised by demurrer or otherwise or not. (Page 420.)

Appeal from Dallas Chancery Court; *Emon O. Mahoney,* Chancellor; reversed.

STATEMENT BY THE COURT.

Appellant, Arkadelphia Lumber Company, sued appellee, John W. Mann, in replevin in the circuit court of Dallas County for possession of 10,000 oak staves, of the value of $200, alleged to have been cut by Mann from land belonging to W. Burres Head and others, who had sold the timber to the lumber company.

The defendant filed his answer and cross-complaint, in which he denied the lumber company's alleged ownership of the staves, and alleged that said Head and the other owners of said land had entered into an agreement with him for the sale of the land for $300, and had placed him in possession of same, and agreed to execute a conveyance, and that he had paid the purchase price

and demanded a deed. That said owners had, in violation of their contract, refused to execute the deed, but had executed a deed to the lumber company attempting to convey the timber on the land for the sum of $350, and that the lumber company had entered upon said land, and cut timber worth $300. He asked that the cause be transferred to equity, that Head be made a party to the suit, and that a specific performance of Head's agreement to convey the land be required, and that the timber deed to the lumber company be canceled as a cloud on his (defendant's) title.

The cause was transferred to equity and the lumber company answered the cross-complaint and made its answer a cross-complaint against Mann and Head. It denied that Mann purchased the lands from Head, that Head placed him in possession, or that he was ever rightfully in possession; denied that it confederated with Head to cheat and defraud Mann. It alleged that the pretended contract from Head to Mann was verbal; that it was void under the statute of frauds. That in April, 1902, Mann represented to it that he owned said land, and sold the pine timber thereon to it for $500, and received its two checks for $300 and $200; that the $200 check was paid by it. That, after receiving the timber deed and paying the check for $200, it discovered that Mann had no title to said land on the timber thereon, so it purchased the pine and oak timber from W. Burres Head, acting for himself and as attorney in fact for the other heirs of his father, W. B. Head, deceased, and paid therefor $350; the names of the said heirs, besides the said W. Burres Head, being Mrs. Della Head, the widow of W. B. Head, deceased, Mrs. Virginia Smith, Mrs. Rivers Hearon, Olive Head and Bertha Head. It prayed for judgment against Mann for $200 paid to him for timber he did not own, and that the $300 unpaid check be canceled, and, in the alternative, for judgment against Head for $350 for failure of consideration, if it be held that the title to the lands had previously been legally contracted to Mann.

The defendant, W. Burres Head, answered, and made his answer a cross-complaint against Mann, and alleged that he was not the sole owner of the lands in controversy, but that same was owned by him, jointly with the other heirs of the W. B. Head estate, naming them. As to the attempt of Mann to purchase

said land, he admitted that there had been negotiations looking to that end, but no deed was executed, possession given, or money paid under the alleged purchase. That said negotiations for said purchase between Mann and this defendant was through Pledger, his agent. That Pledger had no power of attorney to sell, and whatever agreement was entered into with him was subject to approval by this defendant. That, if said negotiations amounted to an agreement to sell, the same was void because induced by the false, fraudulent and willful misrepresentations of Mann as to the timber upon said lands, which was a material element in said agreement, and caused this defendant to sell said lands for less than their real value. He alleged that the contract was by parol, and pleaded the statute of frauds. That Mann entered wrongfully into the possession of said lands and without authority collected rents from Head's tenant. He prayed for an accounting by Mann as to the rents collected by him.

The other owners of said land were not made parties to the suit.

The staves originally sued for were, by consent of parties, sold for the sum of $86.21, and the proceeds paid into the registry of the court to await the final decree upon the merits of the suit. The cause was heard by the court upon the pleadings and proof, and a final decree rendered in favor of the cross-complainant, John W. Mann, and Arkadelphia Lumber Company and W. Burres Head appealed to this court.

The chancellor found that the land was owned by said W. Burres Head and Virgie Smith, Rivers Hearon, Olive Head and Bertha Head, heirs at law of W. B. Head, deceased, and that said W. Burres Head, acting for himself and as attorney in fact for his said co-owners, had agreed to sell the land to said John W. Mann for $300, who had complied with the contract of sale by paying said price to the party who it was agreed should receive it, and had entered into possession of said land, but that said W. Burres Head had refused to perform the contract by executing a conveyance, and that Mann was entitled to a specific performance of the contract of sale.

The decree was entered accordingly, requiring said W. Burres Head to perform the contract of sale by executing a deed conveying said land to Mann, and also that the said proceeds of

sale of the staves in the registry of the court be paid over to Mann.

*J. H. Crawford,* for the Lumber Company; *W. E. Patterson,* for W. Burres Head.

1. Appellee's fraudulent representations as to the timber on the land will defeat his prayer for specific performance. Though a purchaser is not bound to disclose his superior knowledge of the value of the thing to be sold, yet he must not by word or act mislead the seller. 1 Benj. on Sales, § § 668, 669; 2 Kent's Com. 490; 40 Fla. 362.

2. To satisfy the requirements of the statute of frauds, the writing relied upon must be explicit as to names of the grantor and grantee, the terms of the sale, correct description of the land, price to be paid and the time of payment. Mutual mistake will defeat it. 49 Ark. 306. See also, 56 Ark. 139; 45 Ark. 17; 99 U. S. 100; 47 N. J. Eq. 44; 48 Miss. 247; 85 Tenn. 707. If a party sets up part performance, to take a parol agreement out of the statute, he must show acts unequivocally referring to and resulting from the agreement; such as the party would not have done unless on account of the agreement, and with a direct view to its performance. 1 Johns. Ch. 149; 1 Ark. 391, 418; 39 Ark. 424. Nothing is part performance which does not put the party in a situation which would be a fraud upon him if the contract be not performed. 32 Ark. 478. See also 1 Greenleaf, 117; 28 Mo. 138; 33 N. J. Eq. 650; 5 Wend. 638; 19 Cal. 447; 33 Minn. 373. Mere possession of the land, if wrongfully obtained and wholly independent of the contract, will not be deemed part performance of the agreement. If possession be delivered and obtained solely under the contract, and in reference exclusively to it, then the possession will take the case out of the statute. 1 Ark. 418. See also 21 Ark. 277; 44 Ark. 334; 4 Wall. 513; 47 N. J. Eq. 201; 6 Atl. 350; 47 Ia. 486; 13 Minn. 462; 30 Pittsb. Leg. J. 416; 74 Tex. 69; 28 Am. Dec. 45; Hoff. Ch. Rep. 470; 48 Am. Dec. 133; Browne, Stat. Frauds, § 478; *Ib.* § § 483, 486, 473. Payment of purchase price is not such part performance as will induce a decree for specific performance. 89 Va. 696; 27 Am. Dec. 745; 55 Am. Dec. 578; N. E. 727; Bispham, Eq. Jur. 509. An agent acting without a power of attorney authoriz-

ing him to sell and convey, can not bind his principal by the terms of a mere verbal contract, or by acts done by him in connection therewith.   70 Ark. 351.

3.   If appellee had no ownership by reason of the alleged verbal purchase from W. Burres Head, he is without title to the oak timber cut by him; and appellant lumber company, having purchased the same from the Heads, should recover the staves sued for, and also the $200 paid to appellee for purchase money for the pine timber, because of failure of consideration.   21 Ark. 283; 40 Ark. 420; 15 Ark. 466; 35 Ark. 384.

*R. C. Fuller* and *Thornton & Thornton,* for appellee.

1.   As to the staves replevied, appellant lumber company can prevail, if at all, only upon the strength of its own title; and the burden is upon it to establish that title.   Appellee was in possession, which was *prima facie* evidence of title in him.   11 Ark. 271; 42 Ark. 314.

2.   Representations to amount to fraud must be known to be false.   22 Ark. 254; 23 Ark. 289.   Mere naked hardship of the bargain is not sufficient to set aside a contract.   21 Ark. 110.

3.   Appellant lumber company is in no position to invoke the statute of frauds.   The statute can not be invoked by a stranger to the contract.   The defense is personal, and can not be raised by a third party.   71 Ark. 304; 45 S. W. 401.   As to appellant Head as agent for the owners, it is established by uncontradicted proof that the appellee is entitled to a decree for specific performance.   The statute is not inflexible.   30 Ark. 262.   It was intended to prevent fraud, and was not designed to be used as a means of fraud by permitting one to make a contract, and afterwards, on learning that it has turned out to be an unprofitable one, defeat his adversary by pleading the act.   1 Ark. 301; 40 Ark. 391; 2 Story's Eq. Jur. 759.   Delivery of possession is sufficient to take a case out of the statute of frauds.   30 Ark. 249.   Specific performance of a verbal sale of land will be decreed, where the consideration was paid and possession had.   21 Ark. 127; 42 Ark. 246.   To conform to the requirements of the statutes, no special form of language is necessary.   Any writing from which the intention may be gathered will suffice.   Browne, Stat. Frauds, § 346, *et seq.;* 17 Ill. 360.   All that the statute

requires is written evidence from which the whole contract can be made out. 45 Ark. 17; Fry, Spec. Per. Con. 228 *et seq.* See also Browne on Stat. Frauds, § 385; 21 S. W. 1036. An entry or continuance in possession with the knowledge and acquiescence of the vendor would reasonably be evidence of his assent. 21 Ark. 279. See also 8 Ark. 272.

4. While, as a rule, in the absence of authority express or implied, an agent has no power to employ a subagent, so as to affect the rights of the principal, there are exceptions to the rule, growing out of the necessities and exigencies of a case, based upon the customs and usages of trade. 81 S. W. 574; 51 N. Y. 123; 1 Cush. 177; 4 Gray, 618; Mechem on Agency, § 194; 56 Ia. 527. Appellant Head ratified the acts of Pledger, with full knowledge of the conditions of the trade, and this made it his act. 11 Ark. 204; Story on Agency, § 253; Mechem on Agency, § 115. A party who has permitted another to act on the faith of an agreement may not insist that the agreement is bad, and that he is entitled to treat those acts as if it had never existed. 43 Ark. 535; 21 Ark. 110.

McCulloch, J., (after stating the facts.) All the owners of the land against whom a decree for specific performance of the contract of sale was sought were necessary parties to the suit. The relief could not be granted against one of the owners only, though he was agent and attorney in fact for the others. Such a decree has no binding force against the other owners. An agent, though properly authorized by his principals to execute a deed of conveyance, can not be compelled by a court of equity to execute a conveyance in specific performance of a contract to convey. The legal title being in the principals, the decree of the court must be directed against them, and they must, of course, be parties to the suit before they can be affected by the decree. *Aiken v. Gill,* 23 Ark. 477; *Kiernan v. Blackwell,* 27 Ark. 235.

Appellee might have defended the replevin suit by showing that he was the equitable owner of the land, and in possession with the right to cut timber. He did not content himself with this, but asked affirmative relief in the specific performance of the contract to convey, and also in adjusting the payments made by the lumber company for timber. It was therefore incumbent upon him to bring in the necessary parties affected by that relief.

The court was absolutely powerless to grant that relief without the presence of all the owners of the land who, through their agent, had contracted to convey it.

It is true that no objection was made, by demurrer or otherwise, to the nonjoinder of parties, and, ordinarily, the defect of parties would thereby be waived; but not so in a case like this where the court is without power to grant the relief except as against persons who are not parties to the record. Without their presence as parties to the suit, no cause of action is stated. Under such circumstances the court must deny the relief, or cause the necessary parties to be brought in.

Kirby's Digest, § 6011, is as follows: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. But where a determination of the controversy between the parties before the court can not be made without the presence of other parties, the court must order them to be brought in."

We deem it unnecessary to determine whether or not the testimony would justify the decree for specific performance, inasmuch as the other parties, when brought in, may adduce other proof, or may tender other defenses to the cross-complaint.

The decree is therefore reversed, and the cause remanded for further proceedings in accordance with this opinion.