ADELBERT C. HOPKINS v. SAMUEL J. BAREMORE and Another.[1]

November 30, 1906.

Nos. 14,915—(62).

**Specific Performance—Parties.**

When a vendee executes a contract for the purchase of real estate upon the representation of the actual owners that the vendor signing the contract is the only party in interest, the undisclosed owners are proper parties defendant in an action to enforce specific performance of the contract.

**Same—Complaint.**

The complaint states a cause of action in specific performance, and not an action for damages for fraud, deceit, or for failure to perform the contract.

Appeal by defendant Baremore from an order of the district court for Blue Earth county, Lorin Cray, J., overruling his demurrer to the complaint. Affirmed.

[1] Reported in 109 N. W. 831.

*Edson S. Gaylord,* for appellant.

*S. B. Wilson* and *Pfau & Pfau,* for respondent.

LEWIS, J.

The complaint alleges that defendants represented to plaintiff that on January 30, 1906, defendant Baremore was the owner of six certain contracts made and entered into between the Union Pacific Land Company, as vendor, and Silas Bates, as vendee, for the purchase by him of several sections of land in Colorado, and that the next payment on such contracts, aggregating $3,000, would become due February 1 following, and that, if plaintiff would pay such sum to protect the contracts from cancellation and would convey to Baremore certain real estate situate in Lake county, Minnesota, Baremore would assign to plaintiff all of the contracts for the purchase of the Colorado lands; that, relying on such statements, plaintiff entered into a certain contract in writing with defendant Baremore, a copy of which was attached and made a part of the complaint as "Exhibit A." The written agreement was executed by plaintiff and defendant Baremore, and witnessed by defendant Smith, and contains substantially the same provisions as above stated.

The complaint further states that, during the time leading up to the execution of the written contract, defendants represented it would be necessary for them to take the contracts to Omaha and present them to the Union Pacific Land Company, in order to have the payment of the $3,000 indorsed thereon and the assignments thereof approved; that defendants promised that, if plaintiff would pay them the sum of $3,000 and deliver to them the contracts and assignments, they would take the same to Omaha, make the payment, have the proper indorsements made, and return them to plaintiff; that defendant Smith promised and agreed that, if plaintiff would enter into such a contract and pay $3,000 to Baremore, he (Smith) would guaranty that Baremore would carry out the terms of his contract and make such payment to the Union Pacific Land Company, procure the proper indorsements, and return the same to plaintiff; that defendant Smith in fact owned an interest in the property, but such fact and the amount of his interest was unknown to plaintiff at the time he entered into the contract with Baremore; that, relying upon such representations, promises,

and contract, plaintiff gave defendants a draft for $3,000, and defendant Baremore went to Omaha, from where he notified plaintiff he could not use the draft, owing to want of identification, and requested him to pay $3,000 by telegraph directed to the Union Pacific Land Company, and that he would return to plaintiff the $3,000 draft given him; that, relying upon such representations, plaintiff paid direct to the Union Pacific Land Company the sum of $3,000; that defendants thereupon repudiated the contract, refused to pay any part of the money, and refused to deliver the land contracts and assignments.

The complaint further states that plaintiff is willing and ready to carry out the terms of his contract, and that he has made an offer of performance; that defendants are attempting to dispose of the land without regard to the rights of plaintiff; and prays judgment for the specific performance of the contract, and that defendants be enjoined from conveying the property or transferring the contracts, and, in case specific performance cannot be had, that plaintiff be given judgment against each of defendants for $16,020 and $3,000 paid as aforesaid.

This complaint was demurred to upon the ground that different causes of action were united, viz.: A cause of action against Baremore for specific performance; a cause of action against the same defendant for damages for failure to perform; a cause of action against both defendants jointly for damages on account of fraud; and a cause of action against defendant Smith for damages by reason of his agreement to guaranty performance of defendant Baremore's contract with plaintiff, and upon the further ground that the complaint does not in any event state facts sufficient to constitute a cause of action in specific performance.

While the complaint is somewhat involved and contains some unnecessary averments, we are satisfied that it states a cause of action against both defendants for the specific performance of the contract, Exhibit A. If it were true that Smith was interested with Baremore in the ownership of the Colorado contracts, and such fact was concealed from plaintiff and unknown to him at the time he entered into the written contract with Baremore, then Smith was a proper party in an action to enforce the specific performance of that contract; and

if it was executed between plaintiff and Baremore at the request and for the benefit of Smith, neither Smith nor Baremore are in position to deny the relationship. We do not regard as material the allegation that Smith guarantied the performance of the contract by Baremore. The action is not based upon such an agreement, but upon the contract, Exhibit A.

We do not regard the cause of action set out in the complaint as an action for damages growing out of deceit or fraud. All that is stated with reference to misrepresentations is merely by way of recital to account for the reason appellant entered into the contract.

There is no merit in the claim that the contract, Exhibit A, was performed upon the payment to defendants of the $3,000 and the handing over to plaintiff of the contracts and assignments, and that the redelivery of the same to Baremore for the purpose of taking them to Omaha for indorsement was a subsequent and independent matter. Fairly construed, the transaction must be considered as an entirety. Defendants, for their own as well as plaintiff's interest, were intrusted with the money and permitted to take the papers to Omaha and have the assignments made complete. Having failed to carry out their agreement, action in specific performance was the proper remedy. In an action for specific performance the plaintiff may be compensated in damages in case such performance cannot be decreed, and it is proper to insert in the complaint a prayer for damages. Buckley v. Patterson, 39 Minn. 250, 39 N. W. 490; Mealey v. Finnegan, 46 Minn. 507, 49 N. W. 207.

Order affirmed.