(128 App. Div. 146.)

EAST RIVER & ASTORIA LAND CO. v. KINDRED et al.

(Supreme Court, Appellate Division, Second Department.   October 16, 1908.)

1. SPECIFIC PERFORMANCE—CONTRACTS ENFORCEABLE—CONTRACTS TO CONVEY—
TITLE OF VENDOR—SUFFICIENCY OF COMPLAINT.
Allegations that a defendant was the owner of land and entitled to pos-
session when he contracted to convey, but that the title then stood in the
name of his sister, for his use and benefit, and she thereafter conveyed to
his wife, who holds the land for his use, both being made parties, state a
good cause of action for specific performance against such defendant as
the equitable owner.

2. SAME—PROCEEDINGS—PARTIES—PROPER PARTIES—IMPLIED TRUSTEES.
Even if a conveyance of land to the grantor's sister and her subsequent
conveyance to his wife were not expressly in trust for the grantor's benefit,
if by the terms of the deeds to them he had the title, and the power and
right to sell the property, under the liberal rules of equity as to parties,
they would be proper defendants in an action for specific performance of a
contract by him to convey the land to another.

Appeal from Special Term, Queens County.

Action by the East River & Astoria Land Company against J. Jo-
seph Kindred and others.   From an interlocutory judgment overrul-
ing a demurrer to the complaint, defendants Kindred and others ap-
peal.   Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR,
and RICH, JJ.

T. Ellett Hodgskin (George W. Wingate, on the brief), for appel-
lants.

Earle W. Webb, for respondent.

GAYNOR, J.   The complaint is for specific performance of a con-
tract of sale of real property by the defendant J. Joseph Kindred.   It
alleges that he was the owner and entitled to the possession of the prop-
erty when he made the contract, but that the title stood in the name of
his sister "for his use and benefit," and that since she has conveyed
it to his wife, and that the latter holds it "for his use and benefit";
and they are made parties defendant with him.   They demur together
on the grounds (1) that the plaintiff has not the legal capacity to sue,
and (2) that the complaint does not state facts sufficient to constitute a
cause of action.   The first ground is frivolous.   The second is not
good.   The complaint certainly states a cause of action against J. Jo-
seph Kindred.   If each of the two other defendants severed, and de-
murred that it stated no cause of action against her, another question
would be presented, as neither of them signed the contract of sale.
However, the allegations of the complaint may be broad enough to
bear the interpretation that by the terms of the deeds to them J. Joseph
Kindred has the title and the power and right to sell the property,
for no trust seems to exist by said deeds; in which case, under the
liberal rule in equity as to proper parties, they would be such.   It is
enough in equity if they be proper although not necessary parties.

The judgment should be affirmed.

Interlocutory judgment affirmed, with costs.   All concur.