JAMES M. MULDON, *Appellant,* v. F. E. BRAWNER, *Appellee.*

A wife is a necessary party to a suit in equity by the husband for the specific performance by a third person of a contract of sale of real estate, the title to which is in the wife.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Sullivan & Sullivan,* for Appellant;

*Jones & Pasco,* for Appellee.

HOCKER, J.—The appellee Brawner filed a bill against the appellant Muldon and others in the Circuit Court of Escambia County to compel the specific performance of a contract by Muldon for the purchase of a certain lot of land in Pensacola. A demurrer to the bill was filed by Muldon and overruled. He and the other defendants then filed an answer to the bill, and a replication was filed to these answers. A master was appointed who took the testimony, and upon a final hearing a decree was entered decreeing that F. E. Brawner was entitled to a specific performance of the contract by Muldon; that there was due on the contract $8,352.38; that Brawner deliver to Muldon a good and sufficient warranty deed executed by Brawner and his wife, and deliver to Muldon possession of the lot which is described; that Muldon pay Brawner the sum of $8,352.38 that the suit be dismissed as to the other defendants without prejudice, and that F. E. Brawner have an execution against Muldon for the said sum of $8,352.38 with interest, etc. An appeal was taken by Muldon from this decree.

It appears from the testimony in the case that the lot of land for the specific performance of the sale of which this bill was filed does not belong to the complainant F. E. Brawner, but that the legal title is in C. A. Brawner, his wife. Mrs. C. A. Brawner is not a party

to this suit, the effect of which is to compel a conveyance by her of her real estate to a third party for a money consideration which is required to be paid to her husband. Under our constitution and laws the husband has no such power over his wife's real estate. Rawls v. Tallahassee Hotel Co., 43 Fla. 288, 31 South. Rep. 237.

The decree appealed from is reversed, at the cost of the apellee.

All concur except PARKHILL, J., absent on account of illness.