Argued April 20, decided May 9, rehearing denied June 22, 1911.

# LOCKHART *v.* FERREY.

### [115 Pac. 431.]

VENDOR AND PURCHASER—PAYMENT OF PRICE—CONCURRENT CONDITIONS.

1. Where a contract for the sale of land provided that the purchaser should pay the price within a reasonable time after a marketable title was tendered, the condition, though dependent, was not concurrent; and hence the vendor could not rescind the contract on the ground that the purchase money had not been paid, where they had failed to tender a marketable title.

VENDOR AND PURCHASER—"MARKETABLE TITLE"—RECORDS.

2. A marketable title is one appearing to be such by the record of conveyances or other public memorial, and not one resting in parol.

SPECIFIC PERFORMANCE—DEFENDANTS—HEIRS OF DECEASED VENDOR.

3. Under Section 393, L. O. L., providing that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to the complete determination of the questions involved, in an action for specific performance, the heirs of a deceased person who had contracted to convey the property to the plaintiff's vendors are proper parties.

SPECIFIC PERFORMANCE—CONTRACTS TO CONVEY—ESTOPPEL—WIFE OF PARTY TO CONTRACT.

4. In an action to compel specific performance of an agreement to sell land, where the wife of a vendor joined in a deed with her husband, which was tendered in performance of the contract, she cannot complain that she was the owner, and the contract to convey was not made with her, and that therefore, not being a party to the contract, she cannot be compelled to perform it, especially where that fact appears in the record as part of defendants' case.

VENDOR AND PURCHASER—RESCISSION BY VENDOR—NECESSITY OF PERFORMANCE.

5. A vendor who does not offer full performance in accordance with the provisions of his contract is not entitled to rescind.

SPECIFIC PERFORMANCE—RIGHT TO PARTIAL PERFORMANCE.

6. Though a vendor is not able to perform his contract of sale in full, the purchaser is entitled to compel specific performance of such part of the contract as can be performed.

APPEAL AND ERROR—REVIEW—FINDINGS OF COURT—EQUITABLE ACTION.

7. An action for specific performance being equitable in its nature, the appellate court in reviewing the findings of the trial court is not bound by the opinions of attorneys as to the value of legal services, and hence can disregard the allowance of attorney fees by the trial court made in conformity to such opinions.

From Coos: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by Herbert Lockhart, as vendee, to enforce specific performance of a contract between him and Emerson E. Ferrey, George W. Ferrey, and Hiram C. Wright, as vendors, providing for the sale to plaintiff of certain real property in Coos County. The contract was in writing, signed and sealed by both parties, the vendors being described as parties of the first part, and the vendee as party of the second part. The contract stipulates "that the first parties, for the consideration of the sum of one dollar to them paid, do hereby agree to sell and convey to the second party and for value the second party agrees to purchase from the first parties" the real property in question.

"The purchase price which the second party hereby covenants and agrees to pay to the first parties for said real property is the sum of four thousand two hundred dollars in U. S. gold coin at Flanagan & Bennett Bank, Marshfield, Oregon. But the consideration in the deed may be any amount less than the real purchase price which the second party may request. It is understood and agreed that the first parties have only a contract of sale for said premises at this time from W. E. Baines, now deceased, who was the owner in fee of said premises at the time of his death, and the first parties have made all payments thereon, excepting one payment amounting to $535.00 payable on or before May 13, 1906; and that W. U. Douglas is now the duly appointed, qualified, and acting administrator of said estate, it is agreed that the first parties shall without unnecessary delay make the last payment on said contract and procure a deed under the provisions of said contract, and that they will within a reasonable time thereafter deposit in said Flanagan & Bennett Bank, Marshfield, Oregon, a deed in which the wives of the married persons of the first parties shall join, conveying to the second party the hereinbefore described premises free of all incumbrances; and that there shall accompany such conveyance an abstract showing a marketable title to be in the grantors at the time such conveyance is made; and the second party agrees

that upon this being done within a reasonable time from the time such deed is deposited he will pay to the Flanagan & Bennett Bank for the credit of the first parties the sum of forty-two hundred dollars. * * It is also agreed and provided that in case either party fails to comply with the provisions hereof and the terms and agreements on his or their part to be kept and performed respectively, in case any action, suit or proceeding is commenced by either party hereto to enforce the provisions hereof, then in that case the prevailing party shall be entitled to recover in addition to the judgment rendered or relief granted such sum as the court shall adjudge reasonable as attorneys' fees in such action, suit or proceeding in addition to the costs and disbursements provided by the statute."

The parts omitted relate to the removal of some buildings and fencing on the property, not material to be considered here. Prior to making the contract above referred to, E. E. Ferrey executed a deed and caused the same to be placed upon record in Coos County purporting to convey to his wife, Ophelia Ferrey, all his interest in the land described. It appears from the pleadings and evidence that at the time the contract was made W. E. Baines, from whom the parties of the first part had a contract for the sale of the land, had died unmarried and intestate, leaving as his heirs at law his brothers and sisters. After the execution of the contract between the plaintiff and the defendants Ferrey, Ferrey, and Wright, the latter paid the amount remaining due on their contract to the administrator of the estate of W. E. Baines, deceased. As performance of their part of the contract with plaintiff the defendants Ferrey, Ferrey, and Wright deposited in the Flanagan & Bennett Bank on July 9, 1906, a deed to the plaintiff for the premises in question signed by Emerson E. Ferrey, Ophelia Ferrey, his wife, George W. Ferrey, Bertha A. Ferrey, his wife, and Hiram C. Wright, who appears to have been unmarried at that time, together with a deed to Ferrey, Ferrey,

and Wright executed by the brothers and sisters of W. E. Baines, deceased, without their husbands and wives, also a deed from W. U. Douglas, administrator of the estate of W. E. Baines, deceased, to Ferrey, Ferrey, and Wright and an abstract of title of the property in question showing that on April 28, 1906, the title to the property was in W. E. Baines, and that the taxes for the year 1905, amounting to $30.96, had not been paid. The plaintiff objected to the tender thus made, claiming the same was not a performance by the vendors of their written agreement. The ground of his objection was that the abstract did not show a marketable title existing in the grantors at the time the offer was made, that the unpaid taxes constituted an incumbrance upon the property, and that for want of joinder of the husbands and wives of the heirs of W. E. Baines in the deed to the vendors the legal title remaining in W. E. Baines was not fully extinguished of record. The vendors stood upon this tender, declining to make any additional efforts in that direction, gave notice of rescission, and withdrew the papers from the bank. The plaintiff tendered in writing payment of the purchase price which being refused he instituted this suit to enforce specific performance. The brothers and sisters of W. E. Baines and their husbands and wives, except John La Torres, husband of Rose Baines La Torres, were made parties defendant to the suit, and joined in an answer disclaiming all right, title or interest in the land in dispute, alleging that they had conveyed the same to the defendants E. E. Ferrey, H. C. Wright, and G. W. Ferrey in pursuance of the agreement of W. E. Baines, deceased. From a decree dismissing his suit, plaintiff appeals.                    REVERSED.

For appellant there was a brief over the names of *Mr. John D. Goss* and *Mr. John K. Kollock,* with an oral argument by *Mr. Kollock.*

For respondents there was a brief over the names of *Mr. J. M. Upton, Mr. Thomas S. Minot,* and *Mr. W. U. Douglas,* with oral arguments by *Mr. Minot* and *Mr. Douglas.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It will be observed that, while the covenant by the vendors to convey and the covenant by the plaintiff to pay the purchase price are as usual dependent covenants, they are not concurrent, for the contract provides that payment shall be made within a reasonable time after the deposit of the deed. The plaintiff was entitled not only to a conveyance from the vendors in which the wives of the married vendors should join, but he was also entitled to an abstract showing a marketable title to be in the vendors at the time the conveyance was made.

2. A marketable title means one appearing to be such by the record of conveyances or other public memorial. It means that the title must appear of record, and not rest in parol: *Knighton* v. *Smith,* 1 Or. 276; *Sollins* v. *Delashmutt,* 6 Or. 51; *Cooper* v. *Cooper,* 56 N. J. Eq. 48 (38 Atl. 198) ; *Rutherford L. & I. Co.* v. *Sanntrock* (N. J. Ch.) 44 Atl. 938. The abstract tendered was not sufficient for this purpose, for it traced the legal title only to W. E. Baines, and did not disclose anything divesting him of that title. Under a contract between W. E. Baines and the vendors of the plaintiff for the sale of the property to them, the legal title remained in Baines until he or those representing him made a proper conveyance to the vendors of plaintiff, or until they were otherwise properly divested of the same by apt legal proceedings. The contract between plaintiff and his vendors recites that a payment of $535 was yet to be made on their contract with Baines. To this extent, at least, the legal title of Baines descended to his heirs, and, for all that appears of record as disclosed by the abstract, the successors in

interest of W. E. Baines might have foreclosed the equity
of plaintiff's vendors and retained the legal title.   Hence,
in order to have complied with the provision of the con-
tract in that respect, plaintiff's vendors should have made
some showing in the abstract tendered indicating that
the legal title of W. E. Baines had passed from him or
his successors in interest to them.

3. It was proper to make the heirs of W. E. Baines
parties defendant in this suit for the specific performance
of the agreement in question.   The object of the suit
is to pass to the plaintiff the legal title to the land in ques-
tion.   The court of equity assumes jurisdiction of the
*rem,* and, the legal title having descended to the heirs
of W. E. Baines, they, apparently having an inteest of
record in the subject of the suit, were properly joined
as defendants.   Section 393, L. O. L.; *Arkadelphia L.
Co.* v. *Mann,* 78 Ark. 414 (94 S. W. 46) ; *Muldon* v.
*Brawner,* 57 Fla. 496 (49 South. 124) ; *Rochester* v.
*Anderson,* 5 Lit. Sel. Ca. 143; *Hopkins* v. *Baremore,* 99
Minn. 413 (109 N. W. 831) ; *Mowbray* v. *Dieckman,* 9
App. Div. 120 (41 N. Y. Supp. 82) ; *Morrow* v. *Lawrence
Univ.,* 7 Wis. 574; *East River Land Co.* v. *Kindred,* 128
App. Div. 146 (112 N. Y. Supp. 540) ; *Slaughter* v. *Nash,*
1 Litt. 322.

It appears in the testimony, also, that the heirs of W.
E. Baines joined in a deed without their husbands and
wives which has already been mentioned as having been
included in the tender of the vendors, and, besides this,
they, together with their husbands and wives, except
the husband of Rose Baines La Torres, made another
deed conveying the premises in performance of the con-
tract of their intestate conveying the land to the plain-
tiff's vendors, but this deed was not included in the tender
to the plaintiff above mentioned.   This, together with
their disclaimer, would effectually dispose of any claim
of title on the part of the heirs of W. E. Baines.

4. It is contended on behalf of the defendant Ophelia Ferrey that she was the owner of her husband's former interest in the land, and, not being a party to the contract with plaintiff, she cannot be made to perform that agreement. The plaintiff maintains that, although her husband made a deed purporting to convey his interest in the property to her and placed it upon record, still the deed did not operate to convey any interest in the land to her because it was not delivered. It is not necessary, however, to consider this question. Ophelia Ferrey did join in a deed with her husband conveying the property in question to the plaintiff, and this deed was tendered in performance of the contract in question. Furthermore, it appears in the record as part of the evidence in support of defendants' case. She thus equipped her husband with all the means of performing his contract with plaintiff so far as she was concerned. The plaintiff's vendors by this act of Ophelia Ferrey, and the conveyances from the heirs of W. E. Baines with their wives and husbands, were thus in a situation specifically to perform the contract for the sale of this property. So far as the abstract was concerned, they could have placed these deeds upon record and had the abstract brought down to the date of the tender after paying the taxes mentioned. During the negotiations about the matter, it was agreed that the plaintiff should procure a quitclaim deed from John La Torres, the husband of Rose Baines La Torres, at an expense not exceeding $100, and that the plaintiff's vendors would assume one-half the expense. The plaintiff did secure that quitclaim deed from La Torres at an expense of $100.

5, 6. We are of the opinion that the plaintiff's vendors, not having offered full performance of their contract, could not rescind and that plaintiff is entitled to a decree for specific performance, so far as his vendors can perform, although they might not be able to perform in

full: *Thompson* v. *Hawley,* 16 Or. 251 (19 Pac. 84) ;
*Eppstein* v. *Kuhn,* 225 Ill. 115 (80 N. E. 80 : 10 L. R. A.
(N. S.) 117) ; *Melin* v. *Woolley,* 103 Minn. 498 (115
N. W. 654, 946 : 22 L. R. A. (N. S.) 595).

. 7. It remains to consider the question of attorney fees
provided for in the contract. There is testimony on the
part of the plaintiff in the form of opinion evidence to the
effect that as much as $1000 would be a reasonable fee for
conducting the suit, but it is still for the court to judge
what is reasonable; for expert testimony is only illus-
trative. Consequently, in this, as in all other equitable
proceedings, the court will consider the whole situation
in determining such a question. Under all the circum-
stances of the case, without further discussion of this
feature, the court will fix as a reasonable attorney fee
the sum of $420 ; that being 10 per cent on the purchase
price. The plaintiff is entitled to an abatement of the
purchase price in the sum of $50 for the acquisition of
the deed from John La Torres, for the further sum of
$30.96 taxes for the year 1905, and for the further sum
of $420 as attorney fees.

The decree of the court below will be reversed and one
entered providing that the deed from E. E. Ferrey,
Ophelia Ferrey, his wife, George W. Ferrey, Bertha A.
Ferrey, his wife, and H. C. Wright, heretofore tendered
by plaintiff and now in evidence in this case, be taken
from the files and delivered to the clerk of the circuit
court for the plaintiff, leaving here in its place a certified
copy thereof; that the defendants, the vendors of plain-
tiff, within ten days after the filing of the mandate of
this court in the circuit court, be required to deposit with
the clerk of that court for the plaintiff a deed from the
administrator of the estate of W. E. Baines, deceased,
to themselves for the premises in question and a deed
of conveyance of the real property in dispute to them-
selves from the heirs of W. E. Baines and their husbands

and wives, and that, in default of the deposit of this deed, this decree shall stand and operate as a conveyance of the real property in question from the heirs of W. E. Baines and their husbands and wives to plaintiff's vendors for the use and benefit of plaintiff; and that within 20 days after the mandate of this court is filed in the circuit court the plaintiff shall pay into the circuit court for the defendants Emerson E. Ferrey, George W. Ferrey, and Hiram C. Wright the sum of $3,699.04, and shall then receive from the clerk the deeds so deposited, and that, in default of such payment at the time so specified, the plaintiff's suit be dismissed. Neither party shall recover costs or disbursements from the other in either court, and the cause is remanded to the circuit court for further proceedings in accordance with this opinion.

REVERSED.