IN THE

# SUPREME COURT

OF

# OREGON.

Argued December 6, 1918, affirmed February 4, 1919.

## O'DONNELL *v.* LEBB.

(178 Pac. 212.)

**Exchange of Property—Time for Performance.**

1. Where contract for exchange provided that time should be of the essence of the contract, contention that court failed to do equity in not permitting defendant ample time to work out terms of contract cannot be sustained; many extensions of time having been granted by plaintiff.

[As to difference between an exchange of property and a sale, see note in 94 Am. St. Rep. 227.]

**Specific Performance—Of Part of Contract.**

2. A court of equity, having before it the parties and the subject matter, may decree specific performance of a contract so far as the defaulting party can be made to perform.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 1.

About December 20, 1915, the plaintiff owned 500 shares of the capital stock of the Empire Investment Company of the par value of $100 per share. The defendant Lebb had a tract of land in Cleveland, Ohio, and some lots in Laurelhurst Addition to Portland, Oregon, together with Lot 6 of Block 6 in Hawthorne's First Addition to Portland and 37½ shares of the

capital stock of the Laurelhurst Company. At that date O'Donnell and Lebb made a contract with each other for the exchange of properties which is too long to be set out *verbatim.* In substance, Section 1 thereof provided that the plaintiff should deposit 250 shares of his stock with the Title & Trust Company in escrow and at the same time Lebb should deposit a deed for unconditional delivery to O'Donnell showing a clear title to the tract of land in Cleveland. By the second paragraph, the plaintiff was to deposit his remaining 250 shares of stock with the depositary and Lebb was to deposit a deed showing clear title to the Laurelhurst lots, except for the lien of a certain mortgage thereon and taxes and street assessments. As liquidated damages in the event of the failure of Lebb to deliver a deed showing clear title to the Ohio property, he was to, and did, deposit certificates of the 37½ shares of the Laurelhurst Company stock and a deed conveying to O'Donnell the Hawthorne property, to be delivered to O'Donnell in default of the delivery of the stipulated Ohio deed. The terms of the contract confined this provision for the transfer of the Hawthorne lots and the Laurelhurst stock as liquidated damages for the failure to deliver the deed to the Ohio property and in no way refers to any other thing to be performed by Lebb. It is finally provided in the contract that the 500 shares of Empire stock should remain the property of O'Donnell until the conveyance of the Ohio property and the Laurelhurst lots should be deposited as stipulated, by Lebb, for unconditional delivery to O'Donnell.

After reciting the contract, the complaint charges in substance that by means of certain false representations not necessary here to be rehearsed, Lebb induced

the plaintiff to allow the depositary to turn over to
Lebb 250 of the shares of Empire stock; that instead
of using it as a means of carrying out his contract as
he had represented he would, Lebb pledged it to the
Scandinavian-American Bank as security for a pre-
vious debt to that concern, together with a new
advancement of cash. The prayer of the complaint
is in substance for a cancellation of the contract, for
judgment against Lebb for damages in the sum of
$25,250, for the return to the plaintiff of the 250 shares
of Empire stock remaining in the depositary, for the
return by the Scandinavian-American Bank of the 250
shares of stock in its possession or, in the alternative,
if this could be allowed, that the Title & Trust Com-
pany should return to the plaintiff besides the 250
shares remaining in its possession the escrow deed to
the Hawthorne property and the 37½ shares of Lau-
relhurst stock, together with a deed of conveyance to
the Laurelhurst lots, and for general relief.

The making of the contract is admitted by the an-
swer. The alleged deceit by which Lebb obtained the
250 shares which went to the Scandinavian-American
Bank is denied. Valuation as placed upon the prop-
erties by the plaintiff is also controverted. The fur-
ther matter of the answer amounts in substance to the
defendant's construction of the contract, with the con-
tention that the utmost limit of recovery from the de-
fendant Lebb is found in the delivery of the deed to
the Hawthorne property and the 37½ shares of Lau-
relhurst stock. The reply denied the issuable matter
in the answer.

After a hearing the court made a decree in substance
that the depositary should return to the plaintiff the
250 shares of stock remaining in its possession, and

deliver to him the deed to the Hawthorne property, the 37½ shares of the capital stock of the Laurelhurst Company and the deed to the Laurelhurst lots, but did not allow any monetary damages. The defendant Scandinavian-American Bank was not included in the decree, it having been stipulated that it took the 250 shares of stock as collateral without any knowledge of the source of Lebb's title thereto or of any condition affecting his ownership. Lebb alone appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. William W. Dugan, Jr.,* and *Mr. James N. Davis,* with an oral argument by *Mr. Dugan, Jr.*

For respondent there was a brief over the name of *Messrs. Ridgway & Johnson,* with an oral argument by *Mr. Albert B. Ridgway.*

BURNETT, J.—According to the argument of Lebb's brief:

"Two propositions are presented to the court in the appeal of this suit:

"First: That the trial court exceeded its authority and overstepped the bounds of an equity court in awarding to the plaintiff relief in addition to that specified in the contract.

"Second: That the court failed to do equity in not permitting defendant and appellant ample time within which successfully to work out the terms of the contract."

1. Taking these in inverse order, the contract itself prescribes that it should be completed within thirty days; that time is of the essence thereof and that no extensions should be made without the written consent of all parties thereto. There is evidence that many

extensions of time were granted by the plaintiff to Lebb in which to close up the transaction, so that considering the terms of the agreement itself and the indulgence given, there is no merit in his second contention.

Under the first objection appearing in the brief as already noted, Lebb avers that the Hawthorne lots and the 37½ shares of stock were liquidated damages for a breach of all and every of the conditions of the contract and that the award of that property to the plaintiff was the utmost that the court could do in the adjustment of the dispute. The wording of the contract is plain, however, that the Hawthorne lot and the Laurelhurst stock were pledged as liquidated damages for the failure of Lebb to deposit a deed showing a clear title to the Ohio property. The terms of the contract made this applicable alone to that feature thereof and it had nothing to do with the Laurelhurst property.

2. A court of equity, having before it the parties and the subject matter, may decree specific performance of a contract so far as the defaulting party can be made to perform: *Lockhart* v. *Ferrey,* 59 Or. 179 (115 Pac. 431), and authorities there cited. Even adopting the defendant's view that this was a double contract, so to speak, we find that he broke the condition respecting the transfer of the Ohio property. It is proper that he should incur the liability to liquidate the damages which he prescribed in his covenant, namely, the transfer to the other party of the Hawthorne lot and the Laurelhurst stock. He was to get 250 shares of the Empire stock for the deposit of the Laurelhurst deed. He got the stock, albeit by chicanery. He should likewise surrender for that the

deed to the Laurelhurst lots. Not having performed the stipulation for the transfer of the Cleveland property, Lebb cannot complain that the plaintiff should treat it as a rescission of that feature of the agreement, reclaim the 250 shares of stock and receive the stipulated liquidated damages.

The decree is affirmed.          AFFIRMED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.