## BRISCOE *v.* JONES.

EVIDENCE—BURDEN OF PROOF.—Where an agreement, which is the consideration of the contract sued on, is set out in the answer with an averment of non-performance of the plaintiff's engagements under it, and the replication admits the agreement, but puts in issue the allegation of non-performance, the burden of proving performance is on the plaintiff.

IDEM—INSTRUCTION TO JURY.—Where the evidence conclusively shows the performance of such agreement on plaintiff's part, and there is none to the contrary, the court is justified in instructing the jury that there is no evidence showing that there was no consideration.

AN ERRONEOUS INSTRUCTION, which does not prejudice, is no ground for reversal.

APPEAL from Clatsop County.

*George W. Yocum,* for appellant.

*James G. Chapman,* for respondent.

By the Court, WATSON, J.:

It is only necessary to pass on the 6th assignment of error in the notice of appeal, as the conclusion we have reached in regard to it, virtually disposes of the rest. The circuit court on its own motion, gave the jury the following instruction:

"The burden of proving that there was no consideration for the note or due-bill sued on, is upon the defendant, and he has offered no evidence to prove that fact."

The first part of this instruction relating to the burden of proof, upon the existing state of the pleadings, was erroneous. The answer set forth the terms of the agreement which constituted the consideration for the contract sued on

and averred non-performance by plaintiff of his engagements under it. The replication traversed the averment of non-performance. This agreement bound the plaintiff to "sell, convey and transfer" to defendant three shares of stock of the Washington Oyster Company, as the consideration of the contract sued on, which was not negotiable.

Thus the issue as to performance was presented—the plaintiff, who admitted the agreement, affirming, and the defendant denying the proposition. The burden of maintaining it by proof was undoubtedly on the plaintiff. But the defendant could not by any possibility have been injured or prejudiced by this error. His own testimony shows conclusively, we think, that the plaintiff did perform his part of such agreement, and there is no evidence to the contrary, and this state of the evidence fully justified the concluding portion of the instruction. The defendant testified that the plaintiff delivered to him, duly endorsed, a certificate for the requisite amount of stock, which he accepted without objection or protest. This certificate disclosed upon its face that a transfer of the stock embraced in it could be made "on the books of the company" only after a surrender of the certificate duly endorsed. The by-laws of the company made provision for such transfer on its books, and the issuance of new certificates to the purchaser upon such surrender and cancellation of the original certificate, and also declared that no such transfer upon its books should be made until the stock should have first been offered for sale to the company.

In the first place we are by no means satisfied that the agreement of the parties contemplated any such transfer on the company's books. Their conduct clearly indicates the contrary. But if it did, the defendant by accepting the endorsed certificate, put himself in a position to procure such

transfer, and put it beyond the power of the plaintiff to do it, as he no longer had possession or control of the certificate which had to be re-endorsed to obtain the transfer. Such conduct clearly amounted to a waiver of that portion of the performance.

Judgment affirmed.