WALSH, APPELLANT, *v.* HOSKINS ET AL., RESPONDENTS.

(No. 3,191.)

(Submitted November 1, 1912.   Decided November 19, 1912.)

[128 Pac. 589.]

*Attorneys' Liens—Foreclosure—Complaint—Sufficiency.*

1.   Plaintiff, in an action to foreclose an attorney's lien, had performed legal services for one of the parties in two actions involving large property interests.   The parties to the dispute reached a settlement under which plaintiff's clients were to be paid $23,000 in five installments, to be paid into a certain bank, all papers and documents pertaining to the transaction to be placed in escrow and delivered to the purchasers of the property involved, on payment of the last installment. Four payments were made to the bank, but the fifth was, without the knowledge of plaintiff and for the alleged purpose of defrauding him, paid directly to his clients, then living in another state. *Held,* under section 6422, Revised Codes, the purpose of which is to protect attorneys from secret settlements with their clients by which they would be defrauded of their fees, that plaintiff had a lien upon the papers placed in the bank under the escrow agreement, which had never been carried out agreeably to its terms, and that the complaint was proof against a general demurrer interposed by defendant purchasers of the property involved.

*Appeal from District Court, Yellowstone County; George W. Pierson, Judge.*

ACTION by James A. Walsh against Omar Hoskins and others. From a judgment for defendants, plaintiff appeals. Reversed.

*Mr. J. A. Walsh, pro se,* submitted a brief; *Mr. Wm. T. Pigott* of counsel, argued the cause orally.

The language of section 6422, Revised Codes, is a copy of section 66, Code of Civil Procedure, of New York, and the court of that state, after quoting the section, said in *Peri* v. *New York C. Ry. Co.,* 152 N. Y. 521, 46 N. E. 849: "The language is very comprehensive, and creates a lien in favor of the attorney on his client's cause of action, whatever form it may assume in the course of litigation, and enables him to follow the proceeds into the hands of third parties without regard to any settlement between the parties before or after judgment. This is a statutory lien, of which all the world must take notice, and anyone settling with the plaintiff without the knowledge of the attorney, does so at his own risk." (See, also, *Astrand* v. *B. H. Ry. Co.,* 24 Misc. Rep. 92, 53 N. Y. Supp. 294; *Custer* v. *Ferry Co.,* 98 N. Y. 660; *Bailey* v. *Murphy,* 136 N. Y. 50, 32 N. E. 627; *Palmer* v. *Palmer,* 24 Misc. Rep. 217, 53 N. Y. Supp. 538.) In the case of *Schriever* v. *Brooklyn Heights Ry. Co.,* 49 App. Div. 629, 63 N. Y. Supp. 217, it was held that the right of the attorney to prosecute the suit against the defendant railway company after settlement was recognized. In *Potter* v. *Ajax Mining Co.,* 19 Utah, 421, 57 Pac. 270, it was held that the attorney's lien even applied to land subject to litigation. (See, also, *Wolf* v. *United Ry. Co.,* 155 Mo. App. 125, 133 S. W. 1172; *Laughlin* v. *Excelsior Power Co.,* 153 Mo. App. 508, 134 S. W. 116; *Dreiband* v. *Candler* (Mo. App.), 131 N. W. 129; *Smoot* v. *Shy,* 159 Mo. App. 126, 139 S. W. 239; *Fillmore* v. *Wells,* 10 Colo. 228, 3 Am. St. Rep. 567, 15 Pac. 343; *McCain* v. *Portus,* 42 Ark. 402; *McIntosh* v. *Bach,* 110 Ky. 701, 62 S. W. 515; *Strohecker* v. *Irvine,* 76 Ga. 639, 2 Am. St. Rep. 62; *Grant* v. *Lookout Mountain Co.,* 93 Tenn. 691, 27 L. R. A. 98, 28 S. W. 90; *Hobson* v. *Watson,* 34 Me. 20, 56 Am. Dec. 632; *Weed* v. *Boutelle,* 56 Vt. 570, 48 Am. Rep. 821; *Morrison* v. *Ponder,* 45 Ga. 167.) Where a suit is prosecuted by a stockholder, his attorney is entitled to a lien upon all funds recovered or the proceeds of the litigation however derived. (Spelling on Private Corporations, sec. 643; *Woodruff* v. *New*

*York etc. R. R. Co.,* 129 N. Y. 27, 29 N. E. 251; *Trustees* v.
*Greenough,* 105 U. S. 527, 26 L. Ed. 1157.)

In *Davidson* v. *Board of County Commissioners,* 26 Colo. 549,
59 Pac. 46, it was held that where a bank purchased a judgment,
it took it subject to the lien of the attorney.   In *Flint* v. *Hub-
bard,* 16 Colo. App. 464, 66 Pac. 446, *Lindner* v. *Hine,* 84 Mich.
511, 48 N. W. 43, *Lee* v. *Vacuum Oil Co.,* 126 N. Y. 579, 27 N.
E. 1018, *Covington* v. *Bass,* 88 Tenn. 496, 12 S. W. 1033, it was
held that where a defendant compromises a judgment that the
attorney may enforce his claim for attorney's fees against him.
In the case of *Mahon* v. *Southern Tel. Co.,* 33 Fed. 702, the hold-
ing was that a person who purchased a claim during the process
of litigation took it subject to the attorney's lien.

I desire to call the attention of the court to the case of *Stearns*
v. *Wollenberg,* 51 Or. 88, 14 L. R. A., n. s., 1095, 92 Pac. 1079.
This case goes to the extent of holding that the court will of its
own motion protect the attorney in the collection of his fee,
although there may be no law or statute covering it.

*Messrs. O. F. Goddard,* and *F. L. Tilton,* for Respondents, sub-
mitted a brief; *Mr. Goddard* argued the cause orally.

An attorney at law, having either a charging lien or a posses-
sory lien, as the case may be, on the property of his client, may
waive the same, either expressly or impliedly, either directly or
by conduct that would amount to a waiver or an estoppel.
(*Hektograph Company* v. *Fourl,* 11 Fed. 844; *Barnabee* v.
*Holmes,* 115 Iowa, 581, 88 N. W. 1098; *West* v. *Bacon,* 164 N. Y.
425, 58 N. E. 522; *Winans* v. *Grable,* 18 S. D. 182, 99 N. W.
1110; *German* v. *Browne,* 137 Ala. 429, 34 South. 985; *Cantrell* v.
*Ford* (Tenn.), 45 S. W. 581; *Renick* v. *Ludington,* 16 W. Va.
378; *Whitehead* v. *Jessup,* 7 Colo. App. 460, 43 Pac. 1042; *Fulton*
v. *Harrington,* 7 Houst. (Del.) 182, 30 Atl. 856; *Winans* v.
*Mason,* 21 How. Pr. (N. Y.) 153, 33 Barb. 522; *Reavey* v. *Clark,*
56 Hun, 641, 9 N. Y. Supp. 216; *Beech* v. *Canaan,* 14 Vt. 485.)

The settlement of this case was not made surreptitiously, or
with any view of defeating appellant's claim for his fee.   On the

contrary, it was made not only with the full knowledge of the appellant, but under his advice and direction. Everything was done with the knowledge of the appellant as attorney for the Hoskinses, with his consent and under his direction, and this appellant did not at any of these times, and did not at all, either directly or indirectly, in words or by conduct, intimate that he had or claimed any lien upon this money, or the stock or causes of action, or any part thereof. And so far as these pleadings show, appellant did not at any time before the completion of this whole transaction, covering a period of more than a year, intimate or indicate in any manner whatsoever, to these defendants, or to the bank, or to any other person, that his fees were unpaid, or that he expected to receive the same, or the balance thereof, from the proceeds of this transaction. And all this in spite of the fact that he had every possible opportunity to claim and receive his fee before the transaction was complete. Under these circumstances we contend that plaintiff waived his lien or estopped himself from asserting it at this time.

The foregoing will apply also to any possessory lien which appellant might have had on the 444 shares of stock in the Montana Coal and Iron Company belonging to Omar Hoskins and delivered to the appellant to be placed in the bank in escrow at the time the settlement was made. We think that the rule of law that an attorney loses his possessory lien by giving up possession is too well settled to need a lengthy citation of the authorities. "As a possessory lien depends upon possession, it will be lost if possession is voluntarily relinquished, unless such relinquishment was effected by the fraud or coercion of the client." (4 Cyc. 1012 (c).) "The lien of an attorney upon the papers of his client is personal to the attorney, and is not subject to assignment. Possession is of the essence of this lien, and once parted with, the right is waived and relinquished." (*Gottstein* v. *Harrington,* 25 Wash. 508, 65 Pac. 753; see, also, 3 Am. & Eng. Ency. of Law, 2d ed., pp. 453–456; Jones on Liens, sec. 132; Weeks on Attorneys at Law, 762; *Lawrence* v. *Townsend,* 88 N. Y. 24.)

MR. JUSTICE SMITH delivered the opinion of the court.

This action was begun to recover judgment against the defendants for the sum of $1,000, with interest from June 20, 1910; and to foreclose an alleged attorney's lien upon certain papers and documents in the possession of the Farmers & Traders' State Bank, of Billings, Montana.

The complaint alleges that the plaintiff is an attorney at law; that on the first day of September, 1907, the defendant Omar Hoskins consulted and advised with him, and employed him to begin an action against the Montana Coal and Iron Company, a *de facto* corporation, and others; that in conformity with such employment plaintiff did begin such action in the district court of Carbon county; that the basis of the action was that Hoskins was the owner of 444 shares of stock in said corporation of the par value of $44,400; that the total capital stock was $2,000,000; it was claimed that 16,478 shares of the capital stock were issued without authority and without consideration, and that an indebtedness against the company to the amount of $99,134.58 was created without authority and without consideration; the object of the action was to cancel said stock certificates so issued without authority, to cancel said indebtedness, and to procure the conveyance of certain trust property to the corporation. That on the 1st day of February, 1910, the defendants Omar Hoskins and Maggie Hoskins employed plaintiff to commence another action against Elijah Smith and the Montana Coal and Iron Company, and pursuant to said employment plaintiff commenced an action in the district court of Yellowstone county; that the basis of the second action was that the said Hoskinses had conveyed certain lands to the Montana Coal and Iron Company, and said company and Smith agreed to give Maggie Hoskins 250 shares of the capital stock of the company, of a par value of $25,000. That plaintiff performed a large amount of work in connection with said actions and the settlement thereof. That on or about the 20th day of June, 1910, the defendants Omar Hoskins and Maggie Hoskins entered into negotiations with one Moss to sell and transfer to him all of said stock and all claims against Smith and the coal company, and

all interest in the two actions, with authority to prosecute the same, for the sum of $23,000 to be paid as follows: $3,000 cash, and the balance in four equal installments due in three, six, nine and twelve months; all papers were to be deposited in the Farmers & Traders' State Bank to be delivered upon the payment to the bank of said balance of $20,000; plaintiff prepared all necessary papers to carry out the agreement; Moss paid the Hoskinses the sum of $3,000 and thereupon all papers, certificates, agreements, *etc.*, were delivered to plaintiff, who deposited the same in the bank aforesaid. Afterward Moss assigned and transferred to Smith and the coal company all of his interest in the property, having, in fact, been acting as agent for them, taking that method of settling the litigation. Prior to the consummation of the settlement, plaintiff and Hoskins had agreed that his fee should be $3,000, only $2,000 of which has been paid. It is further alleged that all payments except the last were duly made to the bank and sent to the Hoskinses, but that in order to defeat plaintiff's claim for a lien, the last payment of $5,000 was made directly to the Hoskinses in the city of Portland, Oregon, which payment was made without the knowledge or consent of the plaintiff. He claims a lien upon all of the papers and documents in the bank. The latter institution has deposited the same in court. Smith and the Montana Coal and Iron Company interposed a general demurrer to the complaint, the demurrer was sustained, plaintiff declined to amend, and judgment was entered against him for costs, dismissing his complaint. He appeals from the judgment.

The question involved is easily solved. Had all the money been paid into the bank in accordance with the terms of [1] the escrow agreement, plaintiff's lien upon the papers would have been lost the moment the last payment was made, because he impliedly agreed to that arrangement and assisted in carrying it out. But while the papers and documents remained in the bank he had a lien thereon by virtue of section 6422, Revised Codes, which reads in part as follows: "From the commencement of an action * * * the attorney who appears for a party has a lien upon the client's cause of action * * *

which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whosever hands they may cóme; and cannot be affected by any settlement between the parties before or after judgment."

The security which the Hoskinses had for the payment of their money, by virtue of the escrow agreement, could be availed of for the benefit of the plaintiff at any time while it remained such security. To the extent of his claim he was subrogated to their rights. (*Coombe* v. *Knox,* 28 Mont. 202, 72 Pac. 641.) Assuming, then, that the plaintiff had a lien at one time, how was it ever lost? In accordance with the terms of the escrow agreement to which he was tacitly a party? No. That agreement has never been fully carried out. Instead thereof, the defendants, Smith and the coal company, for the alleged purpose of defrauding him, made the last payment directly to the Hoskinses, without his knowledge or consent. The effect of such conduct as this is exactly what the statute was intended to prevent. It was the intent of the lawmakers to protect attorneys from secret settlements with their clients, by which they would be defeated of their fees. The statute so declares in this plain language: "[The lien] cannot be affected by any settlement between the parties before or after judgment." The attorney's lien is one which a party, settling with his client, is bound to recognize, in so much as he has constructive notice of it. (*Oishei* v. *Metropolitan Street Ry. Co.,* 110 App. Div. 709, 97 N. Y. Supp. 447; *Peri* v. *New York Central & H. R. R. Co.,* 152 N. Y. 521, 46 N. E. 849.)

We shall not determine to what extent plaintiff has a lien. The only question is whether the complaint states any cause of action as against Smith and the coal company, and we think it does.

The judgment is reversed and the cause is remanded, with instructions to overrule the demurrer.

*Reversed and remanded.*

Mr. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.