Argued December 17, 1915, modified January 18, further modified on petition for rehearing March 28, 1916.

## STEPHENS *v.* OREGON NUT & FRUIT CO.

(154 Pac. 577; 154 Pac. 578.)

**Mortgages—Attorney's Fee—Amount.**

1.   Under a provision in a mortgage for $10,019.60, which, together with the note, provided for the payment of a reasonable attorney's fee in case of action to collect the note or suit to foreclose, where the main litigation resulting in foreclosure was pending but a short time, $500 was a reasonable amount to be allowed as an attorney's fee, but amount fixed at $200, when plaintiff in his brief states that that amount would be satisfactory.

**Mortgages—Foreclosure—Time.**

2.   Where a mortgage payable five years after its date provided that on default in the payment of interest or in any of its terms the whole amount should become due and collectable, a suit to foreclose for arrears of interest for two years, besides taxes, in view of the mortgagor's letter indicating that its ability to pay depended on its success in obtaining the money with which to liquidate, was not prematurely commenced.

> [As to sales under power in mortgage or trust deed, see note in 92 Am. St. Rep. 574.]

From Yamhill: WEBSTER HOLMES, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

This is a suit brought by the plaintiff, Smith Stephens, against the Oregon Nut & Fruit Company, a corporation, and a number of subsequent claimants to foreclose a purchase money mortgage executed by the corporation to the plaintiff to secure the payment of a note dated September 1, 1910, for the sum of $10,019.60 due on or before five years after date, with interest at 7 per cent per annum, payable annually. Both the note and mortgage provided that if default was made in the payment of the annual interest, or any part thereof, the whole sum of both principal and interest should become due and collectable at the option of the holder thereof.   The mortgage also stipulated that in case default was made in any of its other terms

or conditions, the whole sum should become at once due and collectable.   Both instruments made provision for the payment of a reasonable attorney's fee in case suit or action should be instituted to collect the note, or any part thereof, or upon the breach of any term of the mortgage and in case of the foreclosure thereof. On October 10, 1914, the defendant was in arrears for the interest for the years ending September 1, 1913, and September 1, 1914, besides some taxes which plaintiff had paid; and this suit was instituted.   The defendant corporation denied only one paragraph of the complaint, No. 16, alleging $1,100 to be a reasonable attorney's fee to be allowed the plaintiff in this suit. It was not denied that the note was due, or that the condition of the mortgage had been broken.   The trial court rendered a judgment for the principal and interest due on the note and mortgage, together with the amount of taxes paid by the plaintiff, but disallowed any attorney's fee, for the reason, as stated in the findings, that it was not necessary for the plaintiff to file this suit to foreclose the mortgage, as the Oregon Nut & Fruit Company was ready, willing and able to pay it. The court rendered the usual decree of foreclosure. Plaintiff appeals from that part of the decree disallowing attorney's fees.                     MODIFIED.

For appellant there was a brief over the names of *Mr. Frank S. Grant, Mr. B. A. Kliks* and *Mr. W. T. Vinton,* with oral arguments by *Mr. Grant* and *Mr. Kliks.*

For respondents there was a brief and an oral argument by *Mr. L. C. Mackay.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. It will be noticed that none of the facts upon which the right to recover attorney's fees is based are put in

issue by the answer, only the reasonable amount being disputed. Considerable evidence was taken by the parties, much of which does not seem to relate to the issue. It appears from the record that a stipulation was signed by the attorneys for the respective parties, but at the request of defendant's counsel was not filed in the case. It was, however, introduced in evidence without any objection on the part of the defendant, and is the only direct evidence we find as to the amount of reasonable attorney's fees in the suit, and is all the proof except what is disclosed by the pleadings and other records. Other testimony upon this point was held unnecessary by the trial court. This stipulation suggests $500 as attorney's fees in the suit in case of the payment of the principal and interest at an early date, and $800 if payment should not be so made. Under all the circumstances of the case, as the main litigation was pending but a short time, we find that $500 is a reasonable amount to be allowed plaintiff as attorney's fees in this suit: *Lockhart* v. *Ferrey,* 59 Or. 179 (115 Pac. 431).

The stipulation on the part of the defendant contained in the note and mortgage is to the effect that the annual 7 per cent interest to be paid should not be diminished on account of any expenses of foreclosure that might be incurred. The right to recover attorney's fees is based upon the contract then made by the parties. This right is not challenged by the pleadings.

2. Some suggestion is made by the defendant corporation that the suit was prematurely commenced. The record discloses, however, that it was in arrears for interest for over two years, and also in default in the payment of taxes. The letter in behalf of the corporation upon which it relies indicates that its ability to pay was dependent upon its success in obtaining the

money with which to liquidate, and might have been taken as a time server. There are no inequitable features suggested by the pleadings or the record to defeat the right of the plaintiff to recover the full amount due upon the note and mortgage, together with reasonable attorney's fees. Any other ruling would be arbitrary and in violation of the contract embodied in the instruments.

The decree of the lower court will therefore be modified so as to allow the plaintiff $500 attorney's fees, together with costs and disbursements in the lower court and upon this appeal.        Modified.

Mr. Chief Justice Moore, Mr. Justice McBride and Mr. Justice Harris concur.

Mr. Justice Eakin did not sit.

---

Further modified and rehearing denied March 28, 1916.

## On Petition for Rehearing.

(154 Pac. 578.)

*Mr. L. C. Mackay,* for the motion.

*Mr. Frank S. Grant, Mr. B. A. Kliks* and *Mr. W. T. Vinton, contra.*

Department 2. Mr. Justice Bean delivered the opinion of the court.

But one question was involved in this case, namely, the amount of attorney's fees to be allowed for instituting the suit to foreclose a mortgage for about $12,000. Upon a petition for rehearing, defendant's counsel calls attention to a statement in the plaintiff's brief to the effect that if the trial court had allowed

the sum of $200, it would have been satisfactory. This matter was obscured, as the brief covered considerable ground which was not deemed necessary to examine, and was therefore overlooked. It shows that the plaintiff would be satisfied with this small fee; therefore the prior opinion will be so modified as to allow plaintiff an attorney's fee in the suit of $200. With this change the rehearing is denied.

FURTHER MODIFIED. REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE HARRIS concur.

MR. JUSTICE EAKIN did not sit.