Argued April 2, affirmed April 16, rehearing denied May 14, 1918.

# MONTANA COAL & IRON CO. *v.* HOSKINS.

### (172 Pac. 118.)

**Judgment—Conclusiveness of Decree—Parties Concluded.**

1. In suit by attorney against clients and latters' assignees of corporate stock to recover for services and to enforce a lien against the stock, such clients and assignors were concluded by the decree, where they had timely notice of the pendency of the suit, although they failed to make defense therein.

**Judgment—Notice of Pendency of Suit—Evidence.**

2. In action by an attorney against clients, husband and wife, and their assignees of corporate stock, to foreclose a lien for services upon such stock, evidence of another attorney that he notified the husband by telegram of the pendency of the suit, and took the wife's deposition for use therein, *held* to warrant a finding that both husband and wife had notice of the pendency of the suit, so as to be bound by the decree therein against the assignees.

**Husband and Wife—Liability of Wife on Implied Indemnity.**

3. Where an attorney had rendered services for a husband and wife in a suit to recover corporate stock, and such cause of action was subsequently assigned by the plaintiffs to one who had no notice of the attorney's lien, the wife was jointly liable with her husband to the assignee to indemnify him for payments made by him to discharge the lien, and for costs and expenses of suit by attorney to enforce the same.

**Trial—Instructions Invading Province of Jury.**

4. Where there is no conflict in the evidence as to an issue, the court is justified in charging the jury to find as alleged in the pleadings of one of the parties.

> [As to propriety of instruction referring jury to pleadings to determine issues, see note in Ann. Cas. 1912C, 227.]

**Attorney and Client—Fees—Reasonableness.**

5. In an action for attorney's fees paid for services rendered on behalf of plaintiff corporation in defending a suit to foreclose an attorney's lien, for which defendants were liable, a charge of $775 *held*, under the evidence, not excessive.

From Lane: JOHN S. COKE, Judge.

Department 2.

This is an action by the Montana Coal & Iron Company against Omar Hoskins and Maggie, his wife, to recover money. The complaint alleges in effect:

(1) That the plaintiff is a Montana corporation.

(2) That James A. Walsh is a duly licensed attorney of that state.

(3) That about September 1, 1907, he commenced in the District Court of Carbon County, Montana, a suit for Mr. Hoskins against the Montana Coal & Iron Company, and others, to set aside 16,478 shares of its capital stock on the ground that it had been issued without consideration, to cancel an indebtedness of $99,134.58, asserted to have been contracted by the corporation without authority; and to compel two defendants in that suit to convey 640 acres of land to that company, whereby 444 shares of its capital stock, which was then owned by Hr. Hoskins, would be rendered more valuable.

(4) That about February 1, 1910, at the request of Mr. and Mrs. Hoskins, Walsh commenced in the District Court of Yellowstone County, Montana, a suit for her against the Montana Coal & Iron Company and Elijah Smith, to compel the delivery to her of 250 shares of the capital stock of the corporation in payment for lands which she had conveyed to it.

(5) That on June 24, 1910, the defendants herein entered into a written contract with Preston B. Moss, whereby they transferred to him the 444 shares of stock so held by Mr. Hoskins, and the several causes of suit which had been instituted by him and his wife against the corporation, in consideration for which Moss gave them $3,000 and promised to pay within 60

days the further sum of $20,000, whereupon such transfers were deposited in escrow with the Farmers & Traders' State Bank of Billings, Montana, and the remainder of the consideration was to have been deposited with that bank to the credit of Mr. and Mrs. Hoskins, the same to be divided by them; that by reason of the services so rendered by Walsh for them they became indebted to him in the sum of $3,000 which they, without segregation as to the amount due in either suit, promised to pay him, and on June 24, 1910, they gave him $2,000, but failed to pay any part of the remainder, though demand therefor was made upon them by Walsh.

(7) That Moss assigned such stock and causes of suit to Elijah Smith, who transferred them to the plaintiff herein; that the sum of $23,000 was paid to Mr. and Mrs. Hoskins, but the last two installments of $5,000 each were given to them at Portland, Oregon; that such stock and causes of suit were assigned by Moss to Smith, and by the latter to the plaintiff, without notice or knowledge of Walsh's claim against Mr. and Mrs. Hoskins to any remainder due him, or of any lien against such stock or causes of suit, and the final payments were made to Mr. and Mrs. Hoskins in ignorance of any such claim or lien.

(8) That about December 19, 1911, Walsh commenced in the District Court of Yellowstone County, Montana, a suit against Mr. and Mrs. Hoskins, Elijah Smith, the Montana Coal & Iron Company, and the Farmers & Traders' State Bank of Billings, Montana, to recover $1,000, the remainder of his attorney's fees, with interest from June 20, 1910, to enforce a lien upon the 444 shares of stock and the two causes of suit so assigned and deposited with that bank, and to secure a sale of such property and an application of

the proceeds arising therefrom to the satisfaction of the remainder due Walsh.

(9) That the statute of Montana provides that in such suit, service of a summons by publication may be made upon a defendant, who is not found within or who resides without that state; that service of process in that suit was made in such manner upon Mr. and Mrs. Hoskins who had notice and knowledge of the institution and pendency of that suit, and they were requested by the plaintiff herein to appear and defend therein; that their testimony was taken by depositions which were received in evidence at the trial of that suit, but each otherwise failed, neglected and refused to appear or plead therein, or to protect their own interests or those of this plaintiff.

(10) That such suit was tried and upon appeal from the decree rendered therein the Supreme Court of Montana finally awarded Walsh $1,000, the remainder due him, with interest as demanded, and the costs and disbursements, amounting to $1,746.51, decreed that such sum was a lien in favor of the attorney upon the 444 shares of stock and the two causes of suit so assigned.

(11) That on March 14, 1917, the plaintiff herein was compelled to and did pay that amount in order to discharge the lien, and

(12) That the plaintiff was also obliged to pay out $896.25 as expenses incurred in defending the suit so instituted by Walsh against it, setting forth an itemized statement thereof. Judgment was demanded for $2,642.76.

Separate demurrers to the complaint on the ground *inter alia*, that it did not state facts sufficient to constitute a cause of suit, were interposed by Mr. and Mrs. Hoskins and overruled. Thereupon each filed a

separate answer denying the material averments of the complaint and alleging new matters as separate defenses. The latter averments were put in issue by replies. The cause was tried, resulting in a verdict and judgment in plaintiff's favor for the sum of $2,596.46, and Mr. and Mrs. Hoskins separately appeal.                                   AFFIRMED.

For appellants there was a brief over the name of *Messrs. Williams & Bean,* with an oral argument by *Mr. John M. Williams.*

For respondent there was a brief with oral arguments by *Mr. Charles A. Hardy* and *Mr. O. H. Foster.*

MOORE, J.—1. It is contended by defendants' counsel that the complaint herein does not state facts sufficient to constitute a cause of action against Mrs. Hoskins, in that it fails to show any primary liability on her part from which an implied indemnity in favor of the plaintiff in this action could arise, and this being so an error was committed in overruling the demurrer, which she interposed. It is argued that the 444 shares of capital stock upon which Walsh claimed a lien never belonged to Mrs. Hoskins; that any sum of money that she might have owed him on account of attorney's fees could not bind that stock; nor did the Supreme Court of Montana hold that he had a lien upon such stock for any debt due or owing from her. The decisions thus referred to were rendered in the suit of *Walsh* v. *Hoskins,* 46 Mont. 356 (128 Pac. 589); and the same case 53 Mont. 198 (162 Pac. 960). A copy of the complaint in that suit was received in evidence at the trial of this action. It was alleged in that pleading in effect, that before the contract was concluded with

Preston B. Moss for the assignment of the 444 shares of stock and of the causes of suit instituted by Mr. and Mrs. Hoskins respectively, they inquired of Walsh what his charges were as attorney's fees for the services he had performed and was informed by him that his demand therefor was $3,000, "and said sum was for the aggregate of work done in said actions and settlement without any settlement or division as to the work performed in each action." It will be remembered that the complaint herein substantially avers that without segregation as to the amount due as attorney's fees in either suit instituted in Montana by Walsh for Mr. and Mrs. Hoskins they promised to pay him $3,000 for the services which he had rendered for them, and on June 24, 1910, they gave him $2,000 thereof. The averments of the complaint in the suit instituted by Walsh to establish and enforce a lien upon the shares of stock and causes of suit which had been assigned and deposited with the bank, substantially set forth a joint obligation on the part of Mr. and Mrs. Hoskins, whereby they unitedly promised to pay the amount of his attorney's fees. Neither of these defendants appeared in that suit, but as they are in privity with other parties thereto, they are concluded by the decree rendered therein, if they had timely notice of the pendency of that suit, though each failed to make any defense therein: *Carroll* v. *Nodine,* 41 Or. 412 (69 Pac. 51, 93 Am. St. Rep. 743); *Astoria* v. *Astoria & Columbia River R. Co.,* 67 Or. 538 (136 Pac. 645, 49 L. R. A. (N. S.) 404); *Davis* v. *Smith,* 79 Me. 351 (10 Atl. 55).

2. The deposition of O. F. Goddard of Billings, Montana, was received in evidence and shows that he is a duly licensed attorney of that state, and as such appeared for the Montana Coal & Iron Com-

pany in the suit instituted against it, and others; that as attorney for that company he notified Mr. Hoskins at Eugene, Oregon, by a telegram, of the pendency of that suit. There are attached to his deposition a copy of that message, the original letters received from Mr. Hoskins relating to that suit, and copies of letters written by the deponent in answer thereto. Mr. Goddard stated upon oath that he visited Mr. and Mrs. Hoskins at their home in Eugene, Oregon, and talked with each about that suit, saying, "Mrs. Hoskins had knowledge of the pendency of the suit before the trial, and was a witness by deposition in the suit." It· is believed this testimony is sufficient to show that Mrs. Hoskins had timely knowledge of the institution of the Walsh suit, thereby substantiating the averments of the complaint which are sufficient to constitute a cause of action.

3. Walsh had a lien upon the cause of suit which she assigned to Moss, and as she is jointly liable with her husband for the payment of the attorney's fee, the lien for the remainder thereof attached to such assignment and other papers in her suit, rendering her liable for the remainder found to be due by the Supreme Court of Montana. No error was committed in overruling the demurrer.

4. Paragraph 12 of the complaint herein reads:

"The plaintiff further alleges that it was compelled to and did pay out and expend in defending the said action * * (*Walsh* v. *Montana Coal & Iron Co. et al.*) in the said District Court of the State of Montana and in the Supreme Court of the State of Montana, for attorney's fees, witnesses, printing, filing fees, notary, stenographic work and traveling expenses, the sum of $896.25, and an itemized statement of which is hereto attached and marked 'Exhibit A' and made a part of

88 Or.—34

this complaint, and which said sums and each of them this plaintiff alleges was a reasonable sum and amount for such expenses and required to be paid in the defense of said action, and that each and all of said sums were paid on or before the 14th day of March, 1917, and together with the sum of $1,746.51 paid to satisfy the said judgment and lien, amount in the aggregate to the sum of $2,642.76, no part of which has been paid by defendants to plaintiff.''

Of these items, the charges made by O. F. Goddard against the plaintiff herein for attorney's fees in the Walsh case are: To conducting the first trial in the District Court $50; to preparing brief for first appeal, $50; to arguing first appeal, $100; to services rendered at the second trial in the District Court $250; to arguing second appeal, $100. The charges of Johnson & Coleman against the same party are: To attorney's fees at the second trial in the District Court, $100; to preparing a brief for second appeal, $125. Total $775.

The deposition of Mr. Goddard, which was received in evidence at the trial of this action, states in effect, that he and Messrs. Johnson & Coleman, who are attorneys at law and practice their profession at Billings, Montana, appeared for the Montana Coal & Iron Company in the suit brought against it and others by Walsh; that the deponent was familiar with the fees demanded by attorneys in Yellowstone County in that state; and that the same so charged by Johnson & Coleman and himself were reasonable for the services thus rendered.

The deposition of H. J. Coleman, one of the attorneys mentioned by Mr. Goddard, states that he is familiar with the costs and expenses of litigation in Montana, and that a reasonable attorney's fee for the defense which was made for the plaintiff herein in the

Walsh suit would be from $750 to $1,000.   Mr. Coleman further deposed:

"I know of my own knowledge that the Montana Coal & Iron Company, individually and by its attorneys, made every possible effort to defeat said suit; that said suit was fairly and honestly defended; and that no legitimate effort was omitted in the defense of the Walsh suit against the Montana Coal & Iron Company."

The deposition of Harry L. Wilson states that he is an attorney and engaged in the practice of law at Billings, Montana, and in answer to questions detailing the services rendered in the defense of the Walsh case, for which charges were made, as hereinbefore stated, the deponent testified that an attorney's fee therefor of from $750 to $1,000 would be reasonable.

The defendants herein offered no testimony tending in any manner to contradict the sworn statements thus made in relation to the reasonableness of the attorney's fees.   Based upon this evidence the jury were charged as follows:

"The Court instructs you that if you shall find in favor of the plaintiff, then your verdict should be for the amount which the plaintiff alleges it necessarily paid in satisfying the judgment and decree in the Montana suit, namely, $1,746.51, plus $896.25, expended in the defense of that suit by the plaintiff in this action."

An exception having been taken to the language thus employed it is contended by defendants' counsel that an error was thereby committed.   Where, as in this instance, there is no conflict in the evidence as to an issue, the court is justified in charging the jury to find as alleged in the pleadings of one of the parties: *Briscoe* v. *Jones*, 10 Or. 63; *Montour* v. *Grand Lodge*, 38 Or. 47 (62 Pac. 524).   No error was committed in this respect.

Many other errors are assigned. They relate chiefly to questions which were necessarily involved in and determined by the decree that was rendered in the Walsh suit. Mr. Hoskins unquestionably received timely notice thereof. Mr. Goddard's deposition shows that he visited the defendants herein at their home in Eugene, Oregon, and states, as it will be remembered, that "Mrs. Hoskins had knowledge of the pendency of the suit before the trial, and was a witness by deposition in the suit." In *Davis* v. *Smith,* 79 Me. 351, 356 (10 Atl. 55), Mr. Justice Foster in referring to the liability of an indemnitor who had received knowledge of the pendency of an action against him, remarks:

"When notice is thus given, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he appeared or not."

5. That the Walsh suit was ably defended is evidenced by the fact that the counsel for the Montana Coal & Iron Company, one of the defendants therein, won twice in the trial court, but the decrees thus given were twice reversed. That such final determinations were reached without fraud or collusion is manifest from the depositions given by Mr. and Mrs. Hoskins on behalf of the Montana Coal & Iron Company, and received in evidence at the trials thereon. The charge of $775 as attorney's fees, in view of the extent of the professional services which were performed is not, in the absence of any evidence to the contrary, so excessive as to be unreasonable or to demand a reduction thereof: *Lockhart* v. *Ferrey,* 59 Or. 179 (115 Pac. 431); *Stephens* v. *Oregon Nut & Fruit Co.,* 79 Or. 618 (154 Pac. 577).

A verdict was rendered for the plaintiff for the amount stated in the instruction quoted, but upon ex-

amination it was found that items included in the exhibit which was made part of the complaint, amounting to $46.30, had not been substantiated by the evidence, whereupon a remission of that sum was ordered by the court and acceded to by plaintiff's counsel, thereby reducing the judgment to $2,596.46.

Believing that the errors assigned and not considered are unimportant, and invoking Article VII, Section 3, of the Constitution, the judgment rendered herein should be affirmed, and it is so ordered.

AFFIRMED.

McBRIDE, C. J., McCAMANT and BEAN, JJ., concur.