Argued December 3, affirmed December 9, 1959

## JORGENSEN *v.* ULSCHAEFFER ET AL

347 P. 2d 102

*Carlton R. Reiter,* Portland, argued the cause for appellant. On the brief were Stern, Reiter, Day and Anderson, Portland.

George Luoma, Roseburg, filed a brief for respondents.

Before McAllister, Chief Justice, and Rossman, O'Connell and Redding, Justices.

368

PER CURIAM.

On November 20, 1957, the plaintiff, J. E. Jorgensen, commenced this suit to foreclose a mortgage given by the defendants to secure payment of a promissory note. On the same day the defendants filed their answer and tendered into court the sum of $11,292.97 covering the balance then due on the note, including principal, interest and costs. Defendants prayed that plaintiff take nothing further by his suit except for such additional amount as the court should deem reasonable as his attorneys' fees.

Before the complaint was filed the attorneys for the parties, after corresponding and conferring with one another, had virtually completed arrangements for the payment of plaintiff's mortgage but were unable to agree as to the amount of attorneys' fees to be paid by defendants. Because of the inability of the parties to agree on that issue, the complaint was filed. The only issue for trial was the amount of attorneys' fees to be allowed plaintiff. The court heard the evidence offered by the parties and allowed a fee of $400. Plaintiff appeals from that portion of the decree fixing his attorneys' fees.

██ In a suit to foreclose a mortgage where the note or mortgage provides for the payment of a reasonable attorney fee, the amount to be allowed is within the sound discretion of a court of equity. *Lockhart v. Ferrey*, 59 Or 179, 186, 115 P 431; *Stephens v. Oregon Nut & Fruit Co.*, 79 Or 618, 621, 154 P 577, 154 P 578; *Graves et al. v. Burch*, 26 Wyoming 192, 181 P 354, 5 ALR 1216; and 37 Am Jur, Mortgages § 601, p 82. We have carefully reviewed the record in this case and believe the decree should be affirmed and it is so ordered. Neither party shall recover costs in this court.